SMITH, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 144. Argued September 10, 1973.—Decided October 2, 1973.*

(Also reported in 210 N. W. 2d 678.)

---

\* Motion for rehearing denied, without costs, on November 27, 1973.

374

For the plaintiff in error there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. We will review step-by-step the procedure followed by the trial court in dealing with defendant's motion for postconviction relief. By so doing we will encounter the challenges to such procedure at the stage of the proceedings to which they are directed.

*Filing of petition.* When defendant's motion for postconviction relief was filed, the trial court faced the threshold inquiry as to whether the motion and the files and records of the action "conclusively show that the prisoner is entitled to no relief." The words are from the statute,[1] which specifically provides that entitlement to appointment of counsel, notice to the district attorney and holding of an evidentiary hearing are to follow a finding that the motion and records do not conclusively show such absence of merit. Defendant argues that both appointment of counsel and an evidentiary hearing are required unless the motion is on its face "patently absurd." That is not the test. The rule in this state is as follows:

[1] Sec. 974.06 (3), Stats.

". . . if the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing. . . ." [2]

*Appointment of amicus curiae.* It follows that it is ". . . incumbent upon the trial court to form its independent judgment after a review of the record and pleadings and to support its decision by written opinion." [3] To assist in arriving at such independent judgment, the trial court may, as it did here, appoint an attorney as amicus curiae to study the record and to report to the court whether the motion and the record do or do not conclusively show that the petitioner is entitled to no relief.[4] That is what the trial court here did. Defendant's contention that the trial court actually appointed legal counsel as an adversary counsel rather than as amicus curiae is not supported by this record. The memorandum brief and oral statement of appointed counsel make clear that the appointment was ". . . as amicus curiae to aid the court pursuant to the *Peterson Case* to make a determination as to whether or not the motion presented by Mr. Smith had any arguable merit." (See statement of facts above.) Exactly such appointment for such purpose was authorized in *Peterson* in these words:

". . . Thus, if the trial court, as here, desires to appoint counsel to study the record, it is proper as long as the final decision as to the merits of the motion is determined by the court after an independent review of the record, and not by the court-appointed attorney. . . ." [5]

---

[2] *Nelson v. State* (1972); 54 Wis. 2d 489, 497, 498, 195 N. W. 2d 629.

[3] *Id.* at page 498.

[4] *Peterson v. State* (1972), 54 Wis. 2d 370, 380, 195 N. W. 2d 837.

[5] *Id.* at page 380.

*Independent judicial inquiry.* While the trial court may appoint an attorney as amicus curiae to report on the arguable merit of the defendant's motion, the *Peterson Case* makes clear the court itself must make "the ultimate decision on the record with sufficient particularity," following its having made "an independent review of the record." [6] The trial court "may in the exercise of its legal discretion deny the motion without a hearing" [7] or may order an evidentiary hearing to "determine the issues and make findings of fact and conclusions of law." [8] Either order is an order of the court, not to be a mere rubber-stamping or acquiescence in the amicus curiae attorney's recommendation. In the case before us, it is clear that it was the trial court that made the ultimate decision. Not only did the trial court state that the order denying a hearing was made from reading the transcript of the record, but the modification of the probation condition in the sentence shows both an independent inquiry and an independent court ruling on the matters presented by the motion.

*Denial of motion.* In the exercise of its judicial discretion the trial court denied, except in one particular, defendant's motion without holding an evidentiary hearing. Actually, as to the challenge to a banishment-type condition of probation in the sentence, the trial court granted the relief requested, substituting a request that the parole and probation division of the department of corrections consider placing the defendant on probation in his home city of Chicago, Illinois, for a court-mandated condition of probation that the defendant stay out of the state of Wisconsin. As to the allegations of double jeopardy, an improper lineup and defendant's not being told of his right to remain silent and to have an attorney,

---

[6] *Id.* at page 380.

[7] *Nelson v. State, supra,* at page 498.

[8] Sec. 974.06 (3) (d), Stats.

these were voluntarily waived by the guilty plea. This court has "consistently held that claims of constitutional violations, if nonjurisdictional, may be waived by a plea of guilty intelligently and voluntarily entered." [9] Defendant's motion included an allegation that his plea of guilty and certain admissions made by him were coerced. It is elementary that a coerced plea is open to collateral or subsequent attack. [10] What is coerced lacks the voluntariness essential to the validity of a plea. So, as to the allegation of coercion, the question must be, in the words of the *Nelson Case,* whether the defendant here failed "to allege sufficient facts in his motion to raise a question of fact," or presented "only conclusory allegations," or whether the record "conclusively demonstrates that the defendant is not entitled to relief." [11] Where no more is present than the bare-bones allegation that the plea was coerced, that is no more than a "conclusory allegation" and, under *Nelson,* not sufficient to require the trial court to direct that an evidentiary hearing be conducted. Defendant submits that flesh is put on the bones here because the motion and record refer to a statement made by a codefendant. At the trial codefendant Richard Lucas testified concerning defendant's false statement that the guns involved in the armed holdup did not belong to defendant. Of such false statement as to gun owner-

---

[9] *Nelson v. State* (1972), 53 Wis. 2d 769, 774, 193 N. W. 2d 704, citing with approval *State v. Schmear* (1965), 28 Wis. 2d 126, 135, 135 N. W. 2d 842. *See also: Edwards v. State* (1971), 51 Wis. 2d 231, 235, 186 N. W. 2d 193; *State v. Guiden* (1970), 46 Wis. 2d 328, 332, 333, 174 N. W. 2d 488; *Belcher v. State* (1969), 42 Wis. 2d 299, 308, 309, 166 N. W. 2d 211, citing *Hawkins v. State* (1965), 26 Wis. 2d 443, 448, 132 N. W. 2d 545; *Hawkins v. State* (1966), 30 Wis. 2d 264, 140 N. W. 2d 226.

[10] *Machibroda v. United States* (1962), 368 U. S. 487, 493, 82 Sup. Ct. 510, 7 L. Ed. 2d 473. *See also: Waley v. Johnston* (1942), 316 U. S. 101, 62 Sup. Ct. 964, 86 L. Ed. 1302.

[11] *Nelson v. State, supra,* at page 497.

ship, Lucas said, ". . . At the time this statement was made by Mr. Smith, I think he was under a great deal of pressure, because he even said that the guns belonged to me, and he cleared that statement up with you, I think, last week, and he told you that the guns belonged to him. . . ." That a codefendant "thinks" that the defendant was "under a great deal of pressure" when he lied about the ownership of certain guns falls far short of even suggesting that a plea of guilty was a product of coercion. Some fact and feeling of being under pressure accompanies every arrest on a serious criminal charge where the prospect of an extended prison term alone is far from relaxing. This single statement by a codefendant, explaining a denial of gun ownership falsely made by the defendant, fails to allege sufficient facts which, if true, would entitle the defendant to relief or require the trial court to hold an evidentiary hearing on whether the plea was coerced. Of this motion and on this record, we would say, as was said in *Nelson,* that

". . . since the defendant failed to allege sufficient facts in his motion and presented only conclusory allegations, he was not entitled to an evidentiary or plenary hearing in this case." [12]

*Right to hearing.* As to procedure followed and result reached, the trial court followed the *Nelson* holding that a trial court may, in the exercise of its judicial discretion, deny a motion for postconviction relief "if the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief." [13] However, in his reply brief, defendant contends that a recent deci-

[12] *Id.* at page 498.
[13] *Id.* at page 497.

sion of the United States Supreme Court [14] "directly overrules" this holding in *Nelson*. That case dealt with sec. 2255 of the federal statutes,[15] which, like sec. 974.06 (3), Stats., calls for a hearing on a motion for postconviction relief unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." [16] We do not read the high court's *Fontaine* decision as in any way modifying, much less overruling, the *Nelson* holding.

In the *Fontaine Case,* the petitioner filed a motion to vacate his sentence "on the ground that his plea of guilty had been induced by a combination of fear, coercive police tactics, and illness, including mental illness." [17] The decision makes clear that such motion for relief "sets out detailed factual allegations regarding alleged circumstances occurring after his arrest and before his appearance in court." [18] The decision takes pains to note the exact nature of such detailed factual allegations and their support in the record.[19] Given such detailed factual allegations and record, the high court held, "On this record, we cannot conclude with the assurance required

[14] *Fontaine v. United States* (1973), 411 U. S. 213, 93 Sup. Ct. 1461, 36 L. Ed. 2d 169.

[15] 28 USCA, sec. 2255, the federal counterpart of sec. 974.06, Stats.

[16] *Id.* Language identical to that used in sec. 974.06 (3), Stats.

[17] *Fontaine v. United States, supra,* at page 214.

[18] *Id.* at page 214.

[19] ". . . Those allegations describe physical abuse and illness from a recent gunshot wound that required hospitalization which was documented by records tendered in support of his petition. The records also showed that a month following the plea he was again hospitalized for heroin addiction, for aggravation of the earlier gunshot wound and for other severe illnesses. Petitioner further alleges that prolonged interrogation continued during the period preceding his plea. All of this, he claims, coerced his confession, his waiver of counsel, and the uncounseled plea of guilty. . . ." *Id.* at pages 214, 215.

by the statutory standard 'conclusively show' that under no circumstances could the petitioner establish facts warranting relief under sec. 2255; . . ." [20] Obviously, the same result would be reached under the *Nelson* test. *Fontaine* cannot be read to indicate that an evidentiary hearing would have been required if, as in the case before us, the defendant made no more than a conclusory allegation or if, as in the case before us, he had failed to allege sufficient facts in his motion to raise a question of fact. We see *Fontaine* and *Nelson* as adopting the same test as to when a petitioner is entitled to an evidentiary hearing on a motion for postconviction relief. The detailed factual allegations in *Fontaine* met that test. The entirely conclusory allegations in *Nelson* did not.

*"With sufficient particularity."* In upholding a trial court denial of an evidentiary hearing on a postconviction motion, the *Peterson* decision noted that "the trial court made the ultimate decision on the record *with sufficient particularity."* [21] (Emphasis supplied.) This strongly suggests that some measure of particularity is expected or required where a trial court, in the exercise of its judicial discretion, denies a motion for postconviction relief without a hearing. Defendant would have us escalate the *Peterson* reference to requiring formal findings of fact and conclusions of law whenever a trial court denies a postconviction motion without a hearing, as the statute provides is to be done following a hearing to determine the issues raised. [22] We would not go that far. Where a single ground for relief is asserted by way of motion, it is sufficient that the trial court hold, if such be the case, that the defendant has failed to allege sufficient facts in his motion to raise a question of fact, or presented only conclusory allegations, or that the record

[20] *Id.* at page 215.

[21] *Peterson v. State, supra,* at page 380.

[22] Sec. 974.06 (3), Stats.

conclusively demonstrates that the defendant is not entitled to relief, or any combination of these *Nelson* bases for denial of motion without hearing.[23]

In the case before us, defendant's motion alleged several grounds for relief, including introduction of a coerced confession and a statement obtained in absence of counsel, improper lineup, infringement of privilege against self-incrimination, double jeopardy, absence of jurisdiction to impose sentence, and an abridgment of a constitutional right not recognized at time of trial. The trial court dealt individually with the challenge to the sentence, modifying the sentence to strike a banishment-type provision imposed as a condition of probation. As to the others, the court lumped them together in finding no merit to any of them.[24] It should be noted that the heavy emphasis, on appeal and earlier, was given to the claim of coercion. The reason is easy to locate. Only coercion would directly attack the voluntariness of the confession given police by the appellant as well as the voluntariness of his plea of guilty. But it was not the only ground asserted. Actually, the grounds for claim to relief range from major to minor. Included was a claim that an inaccurate statement by the district attorney as to defendant's age prejudiced the sentencing process. The record shows the district attorney corrected his erroneous statement as to defendant's age

---

[23] *Nelson v. State, supra,* at pages 497, 498.

[24] In denying the motion for postconviction relief, the trial court held: "The court finds that from a reading of the court transcript in this case and hearing the memorandum brief reply given by Mr. Cofar of the public defender's office, that there is no merit to any of the defendant's petitions, except that the court will not order him to remain out of Wisconsin when on probation . . . . The said motion is denied on all counts." The written order which changed the conditions of probation further recites: "*It Is Further Ordered* that the remainder of the motion for postconviction relief, pursuant to section 974.06 of the Wisconsin Statutes, be, and the same hereby is denied."

later in the proceedings. If he had not, defense counsel certainly could have.

However, where several grounds for relief are separately set forth in a motion for postconviction relief, we hold that the trial court is to deal with each in finding an evidentiary hearing not required, not only to facilitate review by this court on appeal but also to conform to the *Peterson Case* reference to "sufficient particularity." At the least, a reference or referral for the purpose of making such particularized conclusions will be made in future cases where a variety of grounds for relief are commingled in a single holding that dismissal of a motion for postconviction is warranted without a hearing. Since we have here held that the defendant failed to allege sufficient facts in his motion to raise a question of fact as to coercion, and have also held that the record conclusively shows that his other claims of error were waived by his voluntary plea of guilty, no such reference for an item-by-item particularization of the trial court holding will here be made. We hope, however, that we have made clear that, where multiple grounds for relief are claimed or set forth, particularized rulings as to each are to be made in a denial of the motion for postconviction relief without an evidentiary hearing. Denial of such motion without hearing is to be made by a written opinion as *Nelson* requires [25] and with the "sufficient particularity" that *Peterson* is held to require.[26]

*By the Court.*—Order affirmed.

---

[25] *Nelson v. State, supra*, at page 498.
[26] *Peterson v. State, supra*, at page 380.