ZUEHL, Plaintiff in error, v. STATE, Defendant in error.

*No. State 19. Submitted under sec. (Rule) 251.54 May 8, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 673.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Garrett N. Kavanagh,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

BEILFUSS, J. The only issue raised on appeal is whether the trial court abused its discretion in summarily denying defendant's motion for postconviction relief without a hearing.

Upon review of the record, we conclude that the trial court abused its discretion in summarily denying defendant's motion without a hearing.

Sec. 974.06, Stats., in part, provides:

"(1) A prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U. S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"(2) A motion for such relief is a part of the original criminal action, is not a separate proceeding and may be made at any time. The supreme court may prescribe the form of the motion.

"(3) Unless the motion and the files and records of the action conclusively show that the prisoner is entitled to no relief, the court shall:

"(a) Cause a copy of the notice to be served upon the district attorney who shall file a written response within the time prescribed by the court.

"(b) Appoint counsel pursuant to s. 970.02 (6), if, upon the files, records of the action and the response of the district attorney it appears that counsel is necessary.

"(c) Grant a prompt hearing.

"(d) Determine the issues and make findings of fact and conclusions of law. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

A motion under sec. 974.06 was authorized and intended to be a substantial replacement for the petition for habeas corpus in this court. *Peterson v. State* (1972), 54 Wis. 2d 370, 195 N. W. 2d 837. The procedure authorized under

sec. 974.06 was not intended to result in a loss of rights by one allegedly aggrieved by unlawful restraint, but merely to transfer the forum for the initial hearing and resolution of the disputes thereon to the trial courts. Sec. 974.06 (3), Stats., provides that a trial court shall ". . . Grant a prompt hearing. . . ." unless ". . . the motion and files and records of the action conclusively show that the person is entitled to no relief . . . ." This is much the same standard employed by this court in determining whether a petition for habeas corpus relief contains arguable merit. Under this standard, petitions in this court are liberally construed.

This court has had occasion to determine when a motion pursuant to sec. 974.06, Stats., may be summarily denied without a hearing. In *Nelson v. State* (1972), 54 Wis. 2d 489, 195 N. W. 2d 629, the defendant moved to withdraw his plea of guilty of manslaughter and also filed a postconviction relief motion pursuant to sec. 974.06. Both motions were denied without an evidentiary hearing. The affidavit in support of the motion to vacate the guilty plea stated:

"[S]aid plea was not made voluntarily after proper advice from counsel and with a full understanding of the consequences of said plea but rather it was obtained unfairly [through] the ignorance and fear of said affiant."

In respect to this motion to withdraw the plea this court, at page 497, announced the applicable rule:

". . . if a motion to withdraw a guilty plea after judgment and sentence alleges facts which, if true, would entitle the defendant to relief, the trial court must hold an evidentiary hearing. However, if the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing."

The test of whether the petitioner will be afforded an opportunity to prove the allegations in his motion is the same both for a motion to withdraw a guilty plea and a motion for postconviction relief under sec. 974.06. *Levesque v. State* (1974), 63 Wis. 2d 412, 217 N. W. 2d 317; *Smith v. State* (1973), 60 Wis. 2d 373, 210 N. W. 2d 678.

In *Nelson, supra,* we determined that the affidavit alleged insufficient facts and presented only conclusory allegations; and that the defendant was not entitled to an evidentiary or plenary hearing. In *Smith, supra,* a "barebones" allegation that the plea was coerced was held to be a "conclusory allegation" and insufficient to require an evidentiary hearing. Equally insufficient in *Levesque, supra,* was the allegation that the defendant ". . . at the time of the arraignment was not able to understand the proceedings against him due to a mental disease or a mental defect." This court found the motion ". . . recited merely the legal grounds upon which it was premised," and found no facts recited in support of the allegations.

Without facts recited in support of defendant's allegations, that the confession and the resulting guilty plea were coerced and that he was denied effective assistance of counsel, defendant's allegations would constitute nothing more than conclusory allegations, insufficient under *Nelson, supra,* to mandate an evidentiary hearing. However, in the instant case, the defendant alleged in support of his allegations the following facts:

"1. I signed a statement in which I admitted committing the three burglaries involved in this case.

"2. I signed the statement because I was sick and exhausted from extensive use of amphetamines, and because the police told me, 'Sign these statements and then you can go home . . . Come back tomorrow and get sentenced to probation.'

"3. I entered the plea of guilty because my attorney told me that my signed statement 'precluded any type of not guilty plea.' "

These facts go beyond the stating of mere conclusions and, unless the record conclusively demonstrates that the defendant is not entitled to relief, an evidentiary hearing is necessary to determine the truth of the allegations.

The trial court gave the following reasons in support of its order:

". . . the defendant's allegation that he became unconscious because of the excessive use of amphetamines is not supported by any previous record made during the course of the original proceedings and becomes an unsupported allegation in an effort to obtain a new trial. For the court to accept such allegations would be to grant to every defendant the right to challenge an admitted confession upon the grounds of any unsupported alleged physical infirmity.

"The defendant as a second point alleges that the confession was obtained by promising the defendant that if he signed the confession, he could go home. The defendant misinterprets his answer in an effort to have his confession excluded, and the fact that he answered the question 'Have any threats or promises been made to you in order to induce you to give a statement by any law enforcement officer, police officer or investigating detective?' with a categorical 'No,' with the explanation that he would not have to go to jail today. A reasonable interpretation of that answer means that he had not been threatened or promised anything in order to induce the statement and that no promise was made that he would not ever go to jail, but only a statement that they would not be committing him to jail that day to await arraignment, and certainly the fact that officers permit people to make voluntary appearances at a later date, cannot be sufficient grounds to exclude a confession upon the premises of threat or promise.

"The third point raised by the defendant is that the advice given by Mr. Zafis, counsel for the defendant, was of such low competence that the defendant was denied effective assistance of counsel, is in the court's opinion without merit. Mr. Zafis met his duty as defense counsel by stating that he had examined the record in the case and the confession and advised his client that the confession was in all probability admissible. In the face of the known evidence against the defendant and his incrim-

inating statement, the strategy of defense counsel to appeal to the court for lenience cannot be interpreted as 'low competence.'

"Therefore, the court affirms its previous finding and denies the motions for postconviction relief as being totally without merit."

While it is true that defendant's allegation that he was sick from extensive use of amphetamines at the time he made his confession is "not supported by any previous record made during the course of the original proceedings," that is not the test. A silent record does not conclusively show that the defendant is entitled to no relief. Also, the defendant refutes his earlier statement that no promises were made to induce his confession other than a promise that he would not have to go to jail that day, and now alleges that the police also promised him probation if he would make a statement; a promise the police could not enforce. An issue of fact is presented. Although the defendant could have provided more facts as the state suggests, and, although his burden of proof will be difficult to meet, his factual allegations concerning the nature of his confession are sufficient to raise an issue of fact and, if proved, to entitle him to relief.

The order summarily dismissing defendant's motion for postconviction relief is dismissed and the cause is remanded for the purpose of holding an evidentiary hearing on defendant's allegations.

Two writs of error were issued—one to review the judgment and the other the order. It appears upon the face of the writ of error to review the judgment that the time for appeal or writ of error had expired before the writ was issued and, therefore, should be dismissed.

*By the Court.*—Error to review judgment dismissed; order reversed and cause remanded for further proceedings not inconsistent with this opinion.