In the Matter of Robert A. Helmrick, Plaintiff,

v.

Douglas Helmrick et al., Defendants.

Adolph Laubenstein, Assignee of Thorp Finance Corporation, Appellant,

v.

Robert A. Helmrick and Madden Farms, Inc., Respondents.

Court of Appeals

*No. 79–1091. Submitted on briefs January 17, 1980.—
Decided February 6, 1980.*
(Also reported in 291 N.W.2d 582.)

For the appellant the cause was submitted on the brief of *Robert H. Suran* and *Suran & Suran,* Milwaukee, WI.

For the respondent Robert A. Helmrick the cause was submitted on the brief of *Guenther Law Offices,* Campbellsport, WI. For the respondent Madden Farms, Inc., the cause was submitted on the brief of *Chambers, Nash, Pierce & Podvin,* Wisconsin Rapids, WI.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

PER CURIAM. This is a foreclosure action commenced by Robert Helmrick to foreclose a mortgage on real estate owned by Douglas Helmrick and his wife. Laubenstein is the assignee of Thorp Finance Corporation, which held a superior mortgage interest in the premises. The trial court entered a judgment of foreclosure November 3, 1977, *nunc pro tunc* August 15, 1977, ordering the mortgaged premises to be sold and determining the amount due to Thorp Finance Corporation. The judgment recognized the mortgage owned by Robert Helmrick but did not determine the amount due to him. The trial court subsequently postponed the sheriff's sale of the property. Madden Farms, Inc. moved to intervene in the action and claimed an interest in a portion of the real estate.

On February 12, 1979, Laubenstein moved to reopen and dismiss the judgment of November 3, 1977, upon the ground that it was "contrary to law." The motion also moved the trial court to hold the receiver of the property, Robert Helmrick, in contempt for failure to file a complete accounting of his receivership and to assess damages against him. Robert Helmrick moved to perfect the prior judgment and requested the trial court to determine the amount due to him.

The matter was heard by the trial court on April 11, 1979. The trial court orally denied Laubenstein's motion to reopen the prior judgment, determined the amount of money due to Robert Helmrick, allowed Madden Farms, Inc. to intervene, and ordered the real estate to be sold. Helmrick was to make a report to the court regarding his receivership prior to the sale.

On July 12, 1979, the trial court signed a document entitled "Findings, Conclusions and Order" which is stamped "filed" by the clerk of the trial court on July

13, 1979. The order incorporated the trial court's prior oral rulings, declined to find Robert Helmrick in contempt or to assess damages against him, and granted Helmrick's motion to perfect the judgment. The attorney for Lauberstein filed a notice of appeal "from the whole judgment entered April 11, 1979" which is dated July 10, 1979, and which is stamped "filed . . . July 12, 1979." Robert Helmrick and Madden Farms, Inc. move to dismiss the appeal upon the ground that it was not timely filed because the notice of appeal was filed before the order was entered.

We hold that the appeal must be dismissed because the notice of appeal was filed before the order was entered. Pursuant to sec. 808.03 (1), Stats., an order or judgment, to be appealable, must be final and must be entered in accordance with either secs. 806.06 (1) (b) or 807.11 (2), Stats. The notice of appeal appealed "from the whole judgment entered April 11, 1979." However, there was no written order or judgment entered on April 11; only the trial court's oral rulings existed at that time. An oral ruling must be reduced to writing and entered before an appeal can be taken from it. *Dumer v. State,* 64 Wis.2d 590, 611, 219 N.W.2d 592 (1974). The notice of appeal from the April 11 "judgment" was therefore ineffective to establish jurisdiction in this court for purposes of appeal.

The first written document incorporating the oral rulings of the trial court was the "Findings, Conclusions and Order" of the trial court signed July 12, 1979 and stamped "filed" July 13, 1979. Even though the notice of appeal is from a "judgment," this court could construe the notice of appeal to be from the July 13 "order." *State v. Avery,* 80 Wis.2d 305, 309, 259 N.W.2d 63 (1977). However, the notice of appeal is stamped "filed" July 12 and the order is stamped "filed" July 13. Section

807.11 (2), Stats., provides that: "An order is entered when it is filed in the office of the clerk of court." From the filing dates on the documents we must conclude that the notice of appeal was filed one day before the order was entered. This court previously held in *Ramsthal Adv. Agency v. Energy Miser, Inc.,* 90 Wis.2d 74, 75–76, 279 N.W.2d 491, 492 (Ct. App. 1979), that "[a]n appeal cannot be taken from an order before it is entered." The timely filing of a notice of appeal is necessary to give this court jurisdiction of the appeal. Rule 809.10 (1) (b), Stats. It is incumbent upon counsel to obtain a sufficient order or judgment upon which to predicate an appeal. *State ex rel. Hernandez v. McConahey,* 42 Wis.2d 468, 471, 167 N.W.2d 412 (1969) ; *Sprangers v. Philippi,* 52 Wis.2d 403, 405, 190 N.W.2d 136 (1971).

The appellant correctly states that the stamped filing date is not always controlling as to the date of actual filing with the clerk, citing *Boston Old Colony Ins. v. Int'l Rectifier Corp.,* 91 Wis.2d 813, 284 N.W.2d 93 (1979), and argues that it must be presumed that the trial court judge delivered the order to the clerk of the trial court on the date when he signed it, July 12, 1979. However, the appellant has provided nothing to this court from which this court could conclude that the order was delivered by the judge to the clerk on July 12. In *Boston* the appellants' attorney received a receipt for a mailing fee dated December 1, 1978, when he delivered the notice of appeal to the clerk, but the clerk did not stamp the notice of appeal "filed" until December 11, 1978. The time for appeal expired December 7, 1978. The supreme court held that the appeal was timely because the notice of appeal was effectively "filed" when it was delivered to the clerk's office. *Id.* at 822. The supreme court relied upon the receipt dated December 1, 1978 and other documentary evidence in the record to establish that the notice of appeal was physically delivered to the clerk on

that date. Because there is no similar evidence in this case to support the conclusion that the order was delivered to the clerk on July 12, *Boston* is inapplicable.[1]

*By the Court.*—Appeal dismissed.

[1] The court has received additional correspondence from the parties after the motions and responses had been filed which included an affidavit from the clerk of the trial court stating that she received the order from Judge Cotter in the mail on July 13, 1979. This material was received after the motions and responses had been filed and therefore is not properly before the court. However, even if it were properly before the court it would not have affected the court's decision in this matter because there is nothing in the record to show that Judge Cotter's order was physically delivered to the clerk on July 12.