Marvin ROHL, a/k/a Marvin Rosinsky, Plaintiff in error,

v.

STATE of Wisconsin, Defendant in error-Petitioner.

Supreme Court

*No. 78–121–CR. Argued May 6, 1980.—Decided June 3, 1980.*

(Also reported in 292 N.W.2d 636.)

For the defendant in error-petitioner the cause was argued by *Kirbie Knutson*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

For the plaintiff in error there was a brief by *Boltz & Whetter* of Green Bay, and oral argument by *Richard A. Boltz*.

CONNOR T. HANSEN, J. On December 2, 1972, Marvin Rohl (hereinafter defendant) was convicted of third-degree murder, contrary to sec. 940.03, Stats., and arson, contrary to sec. 943.02(1)(a), following a jury trial in the circuit court for Manitowoc county. The convictions were based on the defendant's participation in beating an elderly woman to death and setting her apartment on fire.[1] He was sentenced to consecutive terms of not more than twenty years for third-degree murder and not more than five years for arson. The defendant appealed, and in *Rohl v. State*, 64 Wis.2d 443, 219 N.W.2d

[1] The facts are set forth in detail in *Rohl v. State*, 64 Wis.2d 443, 219 N.W.2d 385 (1974), and *Rohl v. State*, 90 Wis.2d 18, 279 N.W.2d 722 (Ct. App. 1979).

385 (1974), this court affirmed the judgment of conviction and the order denying his motion for a new trial.

On May 15, 1977, the defendant petitioned the trial court for postconviction relief, pursuant to sec. 974.06, Stats. He alleged that he was denied his constitutional right to a fair and impartial trial because the state's main witness, Sue Nelson, committed perjury in her trial testimony. Attached to the petition was the affidavit of Nelson in which she admitted committing perjury in all material respects of her trial testimony, and asserted that she had taken a polygraph examination which confirmed the truth of her perjury admission. The defendant requested that the trial court order an evidentiary hearing.

On November 22, 1977, the defendant filed an amended petition for postconviction relief. In addition to the allegation of perjury, the defendant made the following claim as a basis for the relief requested:

"That your petitioner has reason to believe that the State did not fulfill its responsibility to divulge all exculpatory evidence prior to the trial of the above captioned matter."

In answer to the amended petition, the state denied the allegation that it failed to divulge all exculpatory evidence prior to the trial.

On February 1, 1978, the trial court held a nonevidentiary hearing on the petitions. During this hearing, the defendant's attorney acknowledged that the allegation in the petition regarding the withholding of exculpatory evidence by the state was supported by only one affidavit, which was produced for the first time at the hearing. The affidavit was that of Patrick Harlow, the assistant prosecutor in the defendant's trial. In this affidavit Harlow stated that he aided in the investigation of this case and that he knew that a flashlight found in the victim's home was the property of the victim and had been returned to the victim's son and daughter-in-law for

disposition by them and therefore was not submitted to the State Crime Laboratory for analysis. The trial court stated that the affidavit could be placed on file.

On February 7, 1978, an order was entered dismissing the petition and amended petition for postconviction relief. At the hearing the trial court held that the issue of alleged perjury by Nelson had been resolved by this court on the defendant's direct appeal.[2] The court also found that the allegation in the amended petition concerning exculpatory evidence was conclusory. The court therefore concluded that the defendant was not entitled to an evidentiary hearing or postconviction relief.

Thereafter the defendant appealed from the order denying postconviction relief. He requested that the court of appeals reverse the order dismissing the petitions for postconviction relief and remand the case with instructions to the trial court to hold an evidentiary hearing.

The court of appeals considered only the issue concerning the withholding of exculpatory evidence. *Rohl v. State,* 90 Wis.2d 18, 279 N.W.2d 722 (Ct. App. 1979). The court found that the state had indeed withheld exculpatory evidence and concluded that the trial court erred in denying the motion for a new trial. The court of appeals reversed the "orders" appealed from and remanded the case "with directions to grant the defendant's motion for a new trial, vacate the judgment of conviction, and order that a new trial be held within a reasonable time or that the defendant be released from custody." 90 Wis.2d at 42. We conclude that the order dismissing the petitions for postconviction relief should be reversed, but the case should be remanded for an evidentiary hearing only.

Sec. 974.06, Stats., at the time the defendant's petition was filed, provided in part:

---

[2] *See: Rohl v. State,* 64 Wis.2d at 452–454.

"974.06 **Postconviction procedure.** (1) A prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U. S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

" . . . .

"(3) Unless the motion and the files and records of the action conclusively show that the prisoner is entitled to no relief, the court shall:

" . . . .

"(c) Grant a prompt hearing.

"(d) Determine the issues and make findings of fact and conclusions of law. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

This court has ruled that a trial court may deny a motion for postconviction relief under sec. 974.06, Stats., without a hearing if the motion fails to allege sufficient facts to raise a question of fact, or presents only conclusory allegations, or if the motion, files and record conclusively show that the defendant is entitled to no relief. *Bergenthal v. State,* 72 Wis.2d 740, 748, 242 N.W.2d 199 (1976) ; *Zuehl v. State,* 69 Wis.2d 355, 359, 230 N.W.2d 673 (1975) ; *Smith v. State,* 60 Wis.2d 373, 378, 210 N.W.2d 678 (1973).

Paragraph 4 of the defendant's amended petition for postconviction relief alleged:

"That your petitioner has reason to believe that the State did not fulfill its responsibility to divulge all exculpatory evidence prior to the trial of the above captioned matter."

This allegation is conclusory in nature and the petition fails to recite any facts in support of this allegation. The facts in support of a motion for postconviction relief must be alleged in the petition and the petitioner cannot stand on conclusory allegations, hoping to supplement them at a hearing. *Levesque v. State*, 63 Wis.2d 412, 421, 217 N.W.2d 317 (1974). Generally, an allegation such as the one contained in the instant petition would not require the trial court to accord the defendant an evidentiary hearing.[3] However, during the nonevidentiary hearing, the trial court permitted the affidavit of Patrick Harlow to be placed in the file. This affidavit provides some support for the conclusory allegation in the petition. Thus, we conclude that the record does not conclusively show that the defendant was entitled to no relief, and the defendant should have been granted an evidentiary hearing on his postconviction motion.

At trial, the state's chief witness, Sue Nelson, testified that on the night of the murder she accompanied the defendant and his brother, Randy, to a park across the street from the home of the victim, Mary Glander, and waited there while the defendant and Randy entered Mrs. Glander's apartment. Nelson testified that at the time they entered the apartment, Randy was carrying a silver flashlight, but was not carrying it when he returned. She also testified that about four weeks before the trial, the defendant's mother asked her to go to Mrs.

[3] *See: Keller v. State*, 75 Wis.2d 502, 249 N.W.2d 773 (1977); *Levesque v. State*, 63 Wis.2d 412, 217 N.W.2d 317 (1974); *Smith v. State*, 60 Wis.2d 373, 210 N.W.2d 678 (1973); *Nelson v. State*, 54 Wis.2d 489, 195 N.W.2d 629 (1972).

Glander's apartment and retrieve the flashlight. The state introduced a photograph of Mrs. Glander's apartment showing a dresser with the drawer open; the contents of the dresser drawer had been ransacked and on top of the contents was a silver flashlight.

Nelson's testimony, together with the photograph, created an inference that the flashlight depicted in the photograph was the flashlight Randy had allegedly carried into Mrs. Glander's apartment. On appeal in 1974, this court noted that the presence of the flashlight in the photograph of the scene of the crime corroborated Nelson's testimony to some extent. Thus, the ownership of the flashlight was important to this case.

In his affidavit, Harlow stated that he aided in the investigation and prosecution of those persons accused of the murder of Mrs. Glander; that the investigation into the crime revealed that a flashlight had been found on the premises of Mrs. Glander following her demise; that the flashlight was identified as being the property of Mrs. Glander and was returned to her son and daughter-in-law for disposition by them and was therefore not submitted to the State Crime Laboratory for analysis; that no other flashlight was found on the premises other than the one which was returned to the Glanders; and that he was personally involved in conducting an identification session with the state's chief witness, Sue Nelson, in which she was asked to identify the flashlight which the defendants allegedly took with them into the Glander residence, but Nelson was unable to identify the flashlight.

These factual allegations, in connection with the conclusory allegation in the petition, are sufficient to raise an issue of fact, and the record does not conclusively demonstrate that the defendant is entitled to no relief. Therefore, the trial court abused its discretion in denying

the defendant's motion without an evidentiary hearing.

The court of appeals held that the state withheld exculpatory evidence and that the defendant was entitled to a new trial. This ruling was based on the court of appeals' review of the record in which it found that the state failed to produce evidence that the flashlight belonged to the victim; that evidence relating to the ownership of the flashlight was in the sole knowledge and control of the state; that the evidence was favorable to the defendant; and that the evidence was material to the guilt or innocence of the defendant.

We believe that the court of appeals abused its discretion by reaching the merits of the exculpatory evidence issue and by making findings of fact and ordering a new trial rather than an evidentiary hearing. No evidence had been heard in the trial court on the sec. 974.06 motion and the trial court had not reached the merits of the issue. Therefore, it was inappropriate for the court of appeals to do so.

The court of appeals misstated the scope of the order on appeal when it stated that the defendant was appealing from both the order denying an evidentiary hearing and the order denying the motion for a new trial. The defendant was not appealing from the order denying his motion for a new trial; the appeal was simply from the order dismissing the defendant's petitions for postconviction relief. The order denying his motion for a new trial was reviewed by this court in the 1974 appeal. *See: Rohl v. State,* 64 Wis.2d 443.

The court of appeals also appears to have misinterpreted the trial court's ruling in this case. The trial court ruled that the defendant was not entitled to further proceedings, *i.e.,* an evidentiary hearing, because the allegation in the petition was conclusory. However, in its decision the court of appeals stated:

". . . The trial court ruled that the motion, files and records in the action conclusively showed that regardless of the facts presented or which could be presented at an evidentiary hearing, the defendant would not be entitled to any relief. . . ." 90 Wis.2d at 33.

Dismissal of the petition by the trial court was actually based on the defendant's failure to make a threshold showing necessary for an evidentiary hearing.

The real issue presented to the court of appeals was whether an evidentiary hearing should have been held on the motion for postconviction relief. Yet the court of appeals never reached this issue, but, instead, ordered a new trial, although the defendant did not specifically request a new trial, but only requested that an evidentiary hearing be held.

The court of appeals, pursuant to sec. 752.35, Stats.,[4] does have discretionary authority to order a new trial even where that relief is not requested. However, the court of appeals abused its discretion in this case by ordering a new trial rather than an evidentiary hearing. The court disregarded the proper role of an appellate court by making findings of fact on an issue which the trial court did not reach and upon which it did not receive evidence.

We affirm that part of the decision of the court of appeals which reversed the order dismissing the petitions

---

[4] "752.35 **Discretionary reversal.** In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice."

for postconviction relief, and we reverse that part of the decision which remanded the case with directions to grant the motion for a new trial, vacate the judgment of conviction and order a new trial. We remand the case to the trial court for the purpose of holding an evidentiary hearing on the exculpatory evidence issue.

*By the Court.*—The decision of the court of appeals is affirmed in part and reversed in part, and the cause is remanded to the trial court with directions to hold an evidentiary hearing.