WISCONSIN STATE EMPLOYEES UNION, Thomas King, and Martin Beil, Plaintiffs-Appellants,

v.

Hugh HENDERSON, individually and in his official capacity as Secretary, Department of Employment Relations, and Kenneth Lindner, individually and in his official capacity as Secretary, Department of Administration, Defendants-Respondents,

Robert O'NEIL, President, University of Wisconsin System, Profs, Inc., J. D. Kabler, M.D., David T. Berman, Ilsa L. Riegel, Thomas Hoover, Doris M. Wallach, Virginia J. Marks, and Joint Committee on Legislative Organization, Intervening Defendants-Respondents.

Court of Appeals

*No. 81–2419. Submitted on motion December 28, 1981.—Decided February 23, 1982.*
(Also reported in 317 N.W.2d 170.)

For the intervening defendants-respondents, Profs, Inc., J.D. Kabler, M.D., David T. Berman, Ilsa L. Riegel, Thomas Hoover, Doris M. Wallach, and Virginia J. Marks, the cause was submitted on the brief of *Jon P. Axelrod,* and *DeWitt, Sundby, Huggett & Schumacher, S.C.,* of Madison.

For the defendants-respondents, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John D. Niemisto,* assistant attorney general, and *Charles D. Hoornstra,* assistant attorney general.

For the plaintiffs-appellants the cause was submitted on the brief of *Richard V. Graylow,* and *Lawton & Cates* of Madison.

Before Gartzke, P.J., Bablitch and Dykman, JJ.

PER CURIAM. The plaintiffs appeal from the order of the trial court allowing certain parties to intervene, vacating the preliminary injunction, and dismissing the complaint with prejudice. The defendants move to dismiss the appeal upon the ground that the appeal is untimely. Because we are unable to resolve the factual dispute regarding whether notice of entry of the order was given, we remand to the trial court for a factual determination and retain jurisdiction of the appeal.

The order of the trial court was entered October 26, 1981. The plaintiffs filed their notice of appeal December 14, 1981, forty-nine days later. The defendants allege that a notice of entry of order was timely served by mail on November 2, 1981, pursuant to sec. 806.06(5), Stats.

If this allegation is true, the time for appeal would be shortened from ninety to forty-five days pursuant to sec. 808.04 (1), Stats.

The plaintiffs contend that no notice of entry of the order was given pursuant to sec. 808.04 (1), Stats., and thus that the ninety-day time for appeal applies. In support of this position the plaintiffs have filed the affidavits of their attorney and his secretary stating that no notice of entry of the order was ever received by their office.

In addition, the plaintiffs argue that, even if the time for appeal was shortened to forty-five days, the appeal was timely because service of the notice of entry of order was by mail, and sec. 801.15 (5), Stats., made applicable by Rule 809.84, Stats., allows an additional three days to perform an act when service is by mail. Forty-eight days after October 26, 1981, was December 13, 1981, which was a Sunday. Pursuant to sec. 990.001 (4) (b), Stats., the plaintiffs contend that they would have had an additional day to file the notice of appeal, or until December 14, 1981, the day the notice of appeal was filed. We will discuss the plaintiffs' last argument first.

This court has held that sec. 801.15 (5), Stats., is inapplicable to the filing of a notice of appeal under secs. 808.03 (1) and 808.04 (1), Stats.[1] *Bruns v. Muniz,* 97 Wis. 2d 742, 746, 295 N.W.2d 11, 14 (Ct. App. 1980); *Fredrick v. City of Janesville,* 91 Wis.2d 572, 577–78, 283 N.W.2d 480, 483 (Ct. App. 1979), *reversed on other grounds,* 92 Wis. 2d 685, 285 N.W.2d 655 (1979). Thus,

---

[1] Section 801.15 (5), Stats., is applicable to administrative appeals under sec. 227.21, Stats., when notice is given by mail, because the time for appeal runs from the time of the notice of entry of judgment or order. In this case the time for appeal runs from the time of entry of the judgment or order and may not be extended. *Compare First Wis. Nat. Bank of Madison v. Nicholaou,* 87 Wis. 2d 360, 364–65, 274 N.W.2d 704, 706–07 (1979), and *Nelson v. DNR,* 90 Wis. 2d 574, 280 N.W.2d 334 (Ct. App. 1979).

the plaintiffs did not have an additional three days to file the notice of appeal pursuant to sec. 801.15(5), and the appeal was untimely if notice of entry of the order was given.

We held in *Bruns* that notice of entry was "given" within the meaning of sec. 806.06(5), Stats., when it was mailed. *Id.* at 746, 295 N.W.2d at 13–14. The defendants' allegation that the notice of entry of the order was sent to the plaintiffs' attorney on November 2, 1981, is supported by the affidavit of Assistant Attorney General Charles D. Hoornstra. The affidavit states, on the basis of his records and office practice, that the notice of entry was mailed to all opposing parties on the day it was dated, November 2, 1981. The record contains a notice of entry of the order dated November 2, 1981, which bears a trial court filing stamp dated November 4, 1981. Although not included in the record on appeal, attorney Hoornstra has also supplied this court with a copy of a letter from him to the clerk of the trial court dated November 2, 1981, which states that the notice of entry of order is enclosed, certifies that opposing counsel have been served by mail, and shows the name of the plaintiffs' attorney as one of the attorneys who received copies.

There is a direct conflict in the affidavits which raises a factual question. The affidavits of the plaintiffs' attorney and his secretary unequivocally state that no notice of entry of order was received. Because this is a procedural matter, ordinarily this court would attempt to resolve the factual dispute. *See e.g., Bruns,* 97 Wis.2d at 745–46, 295 N.W.2d at 13, and *Helmrick v. Helmrick,* 95 Wis. 2d 554, 557–58, 291 N.W.2d 582, 583–84 (Ct. App. 1980), citing *Boston Old Colony Ins. v. Int'l Rectifier Corp.,* 91 Wis. 2d 813, 822–24, 284 N.W.2d 93, 97–98 (1979). However, the Wisconsin Supreme Court has cautioned this court not to take on the role of a fact finder and has stated that this court has no jurisdiction

to make factual determinations. *Barrera v. State,* 99 Wis. 2d 269, 282, 298 N.W.2d 820, 826 (1980) ; *Wurtz v. Fleischman,* 97 Wis. 2d 100, 107 n. 3, 293 N.W.2d 155, 159 (1980) ; and *Rohl v. State,* 96 Wis. 2d 621, 629, 292 N.W.2d 636, 640 (1980). Because the motions before the court raise factual issues which have not been considered by the trial court, we conclude that the matter must be remanded to the trial court.

Accordingly, we remand the matter back to the trial court for entry of findings of fact and conclusions of law as to whether notice of entry of the October 26, 1981, order was given to the plaintiffs by the defendants and, if so, at what time. In the remand, the trial court is not precluded from receiving testimony or other evidence on these issues. This court retains jurisdiction of the appeal pending a remand of the record to this court after the entry of findings and conclusions by the trial court. *Krueger v. State,* 84 Wis.2d 272, 275, 267 N.W.2d 602, 603 (1978).

*By the Court.*—Remanded with directions. The court retains jurisdiction of the appeal.