STATE of Wisconsin, Plaintiff-Appellant,

v.

Clyde B. WILLIAMS, Defendant-Respondent.

Court of Appeals

*No. 98–3338–CR. Submitted on briefs July 20, 1999.—Decided August 11, 1999.*

(Also reported in 601 N.W.2d 838.)

On behalf of the plaintiff-appellant, the cause was submitted on the memorandum of *Robert S. Repischak,* assistant district attorney.

On behalf of the defendant-respondent, the cause was submitted on the memorandum of *Roger G. LeBell* of *Styler, Kostich, LeBell, Dobroski & McGuire* of Milwaukee.

Before Brown, P.J., Nettesheim and Snyder, JJ.

PER CURIAM.   In this appeal we conclude that when a judge from a different county is assigned to a case in response to a substitution request, orders and judgments of the assigned judge must be entered in the office of the clerk of circuit court in the county in which the action was originally filed in order to commence the applicable appeal period under § 808.04, STATS.

Although the case against Clyde B. Williams was commenced in Racine county, a Kenosha county judge was assigned due to a substitution request. The State of Wisconsin filed a notice of appeal on November 13, 1998, from the circuit court's September 28, 1998 decision granting Williams a new trial.[1] *See* § 974.05(1)(b), STATS. Upon review of the record, we questioned our jurisdiction over the appeal due to uncertainty about when the September 28 decision was entered.

In order to confer jurisdiction upon this court, the State had to file a notice of appeal within forty-five days of entry of the September 28 decision. *See* §§ 808.04(4), 974.05(1)(b), STATS.; *see also Helmrick v. Helmrick,* 95 Wis. 2d 554, 557, 291 N.W.2d 582, 583 (Ct. App. 1980) (timely notice of appeal necessary to

---

[1] A memorandum decision can be an appealable order. *See Soergel v. Raufman,* 154 Wis. 2d 564, 566 n.1, 453 N.W.2d 624, 624 (1990).

confer jurisdiction on this court). An order is "entered when it is filed in the office of the clerk of court." Section 807.11(2), STATS. The decision was signed, or rendered, on September 28. *See* § 807.11(1) (an order is rendered when it is signed by the judge). However, the circuit court's docket entries do not refer to the entry of the decision and the decision does not bear a clerk of circuit court date-stamp indicating the date the order was entered. If the decision granting a new trial was entered on September 28, the State's November 13, 1998 notice of appeal was filed on the forty-sixth day and would be untimely.

We ordered the parties to file memoranda addressing the above concerns. We then remanded to the circuit court for fact-finding relating to the entry of the September 28 decision. *See Wisconsin State Employees Union v. Henderson*, 106 Wis. 2d 498, 501–02, 317 N.W.2d 170, 171–72 (Ct. App. 1982).

On remand, the circuit court held a telephonic hearing.[2] The judge's computer directory reflects that the decision was last modified on September 28. The judge stated that it was likely that his Kenosha county clerk had possession of the decision on September 28. The Kenosha clerk confirmed that the decision was sent to the parties by facsimile on September 28. All other documents in the record are date-stamped by the Racine county clerk of court.

The judge's Kenosha clerk stated that decisions in Racine county matters assigned to a Kenosha county judge are handled as follows: a red seal is placed on the decision, the decision is attached to the file and the file is placed in the receptacle in the Kenosha clerk's office for the district court administrator to transport to

---

[2] The hearing was informational in nature. Evidence was not taken because Williams was not present.

Racine county. At the conclusion of the telephonic hearing, the court continued the matter to allow the parties to contact the district court administrator to determine if he possessed any information about when the decision was delivered to the Racine county clerk of court.[3] The court put the burden on the State to provide this information because the State contended that the arrival of the decision in the office of the Racine county clerk of court commenced the forty-five day appeal period under § 808.04, STATS.

The parties subsequently advised the circuit court that no new information would be presented. Thereafter, the circuit court made the following findings. The decision was printed on the morning of September 28, signed shortly thereafter and given to the judge's Kenosha clerk. The original decision was then deposited in the receptacle in the office of the Kenosha county clerk of circuit court for transmittal to the Racine county courthouse. In the absence of other information from the parties, the court found that the September 28 decision was filed in the office of the Racine county clerk of circuit court at an unknown time on September 28.

The State argues that because the September 28 decision does not bear a clerk of circuit court date-stamp, an appealable order has not yet been entered and the time for filing a notice of appeal has not expired. The State suggests that an appealable order may still be entered.

Williams argues that the absence of the clerk of court's date-stamp does not mean that an appealable order has not been entered. Even if a document has been date-stamped, the document can be considered

---

[3] Williams offered the affidavit of the Racine county criminal court case manager, but the affidavit was not accepted because the State objected.

filed as of the date it was actually received by or in the possession of the clerk if there is undisputed and uncontroverted evidence that the possession date differs from the date stamped on the document. *See Boston Old Colony Ins. Co. v. International Rectifier Corp.*, 91 Wis. 2d 813, 824, 284 N.W.2d 93, 98 (1979).

We agree with Williams that the *Boston Old Colony* analysis applies in the absence of a date-stamp on the document. Application of *Boston Old Colony* requires us to determine which clerk must have possession of the document before the document can be considered filed and entered for appeal purposes.

■

Where a judge normally presides in one county but is assigned by substitution to a case filed in another county, we conclude that filing and entry for appeal purposes occur when the document comes into the possession of the clerk of court in the county in which the case was commenced.[4] Possession by the assigned judge's in-county clerk does not constitute filing and entry for appeal purposes.

Our conclusion is supported by the substitution statute, § 801.58(6)(b), STATS.,[5] which contemplates that the assigned judge may hold court in a place other than the county in which the case was commenced. Under § 801.58(6)(b), documents executed by the assigned judge are "fil[ed] with the circuit court of the

---

[4] Our decision is not intended to address cases where there has been a change of venue under § 801.52, STATS.

[5] Section 801.58(6)(b), STATS., provides:

> Ex parte orders, letters, bonds, petitions and affidavits may be presented to the assigned judge, by mail or in person, for signing or approving, wherever the judge may be holding court, who shall execute or approve the same and forthwith transmit the same to the attorney who presented it, for filing with the circuit court of the county where the records and files of the matter are kept.

county where the records and files of the matter are kept." This insures that the document is received in the office of the clerk of court and becomes part of the records of the court. *See First Wis. Nat'l Bank of Madison v. Nicholaou*, 87 Wis. 2d 360, 365, 274 N.W.2d 704, 707 (1979). By contrast, in a case where a change of venue has occurred, the case record is transferred to the new county. *See* § 801.61, STATS.

■ We turn to the circuit court's finding on remand that the decision granting a new trial was received by the Racine county clerk of court on September 28. The State, as the proponent of appellate jurisdiction, had the burden to establish that the decision came into the possession of the Racine county clerk of court after September 28 in order to make the State's notice of appeal timely. Despite being given an opportunity to do so, the State did not present such evidence and did not meet its burden to establish our jurisdiction. A party who has the burden of proof cannot leave the court in an evidentiary vacuum. *See Haeuser v. Haeuser*, 200 Wis. 2d 750, 765, 548 N.W.2d 535, 542 (Ct. App. 1996). Because the State did not demonstrate that the decision came into the possession of the Racine county clerk of court after September 28, the appeal is dismissed.

*By the Court.*—Appeal dismissed.