NELSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 147. Argued March 1, 1972.—Decided March 30, 1972.*
(Also reported in 195 N. W. 2d 629.)

For the plaintiff in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J.

*Facts.*

The offense is alleged to have occurred on November 17, 1968. December 4, 1968, there was an extensive preliminary examination. It appears that the defendant and his wife, Claudia, were not living together, she having commenced an action for divorce in early June, 1968. Claudia and the deceased were employed at the same tavern. On the night of the alleged offense, Claudia worked until closing time. The deceased was present in the tavern at the time of closing, but not working, and Claudia gave him a ride home. Shortly after they arrived in a parking lot near the deceased's apartment, the defendant drove his automobile up behind Claudia's automobile. The defendant, a man six feet two inches tall and weighing 295 pounds, came over to Claudia's automobile, pulled the deceased out of the car, and proceeded to physically abuse him. The incident ended with the deceased getting off the ground and going to his apartment. He died a short time later. A pathologist testified the deceased had been severely beaten about the face and body, had suffered two broken ribs, and that the cause of death was a ruptured spleen. The court found probable cause, and the defendant was bound over for trial.

Defendant entered a plea of not guilty, and not guilty by reason of insanity. Two court-appointed psychiatrists found the defendant was not mentally ill, and not mentally ill at the time of the alleged offense.

The case proceeded to trial before a jury on May 5, 1969. The defendant had been released on bond pending trial. In midafternoon of the first day of trial the case was adjourned until 2 p. m. the following day to allow for the availability of medical witnesses for the state.

When trial commenced the following day, the defendant asked leave to withdraw his plea of not guilty and enter a plea of guilty. The plea of guilty was ultimately accepted by the trial court and the defendant was convicted of the offense charged. Sentence was imposed the same day.

At the request of the defendant, this court appointed attorney John P. Foley to represent the defendant in postconviction proceedings. A motion to vacate the plea of guilty was filed with the trial court, supported by an affidavit of the defendant, which alleged:

". . . [S]aid plea was not made voluntarily after proper advice from counsel and with a full understanding of the consequences of said plea but rather it was obtained unfairly to the ignorance and fear of said affiant."

Prior to the disposition of the motion by the trial court, Attorney Foley filed a "no-merit" report with this court pursuant to *Anders v. California* (1967), 386 U. S. 738, 87 Sup. Ct. 1396, 18 L. Ed. 2d 493. The defendant responded to the no-merit report and his contentions were considered by this court in its unpublished opinion No. 70/117, wherein it was determined that an appeal would be wholly frivolous and without merit. Attorney Foley was relieved of representation of the defendant.

Attorney Foley then advised the trial court of the issuance of the unpublished opinion by this court and also of the fact that he had been relieved as counsel for de-

fendant. The records of this court reflect that the defendant was mailed a copy of its unpublished opinion. Attorney Foley also informed the defendant of that fact by letter and further informed the defendant that if he wished to pursue his motion to withdraw his plea of guilty, he should so advise the trial court prior to June 29, 1970, the date set for the hearing thereon, and that if the defendant failed to so advise the trial court, he assumed the motion would be dismissed. The record reflects that the defendant at no time responded to the advice of Attorney Foley in regard to informing the trial court as to his position on the motion to withdraw his plea of guilty.

In the meantime, the defendant filed with the trial court a petition for postconviction relief pursuant to sec. 974.06, Stats.

September 3, 1970, by a memorandum opinion, the trial court denied the motion to withdraw the plea and the motion for postconviction relief pursuant to sec. 974.06, Stats.

*Issues.*

On this appeal, we deem it necessary to consider only two of the issues raised by the defendant:

(1) Did the trial court err in denying defendant's motion to vacate his plea of guilty without holding an evidentiary hearing?

(2) Did the trial court err in not granting an evidentiary hearing on defendant's motion for postconviction relief pursuant to sec. 974.06, Stats.?

*Motion to vacate plea of guilty.*

Under the circumstances of this case, it was proper for the trial court to deny the defendant's motion to vacate his plea of guilty. Attorney Foley timely advised the defendant that if he wished to proceed with the motion he should so advise the trial court and that if

the defendant did not do so he assumed the motion would be dismissed. Defendant took no action and on September 3, 1970, the trial court dismissed the motion.

On this appeal, however, the defendant argues that an evidentiary or plenary hearing is required in all cases concerning a motion to vacate or withdraw a plea of guilty except where the motion on its face is patently frivolous or nonsensical. This issue presents a case of first impression in this state.

In *State v. Reppin* (1967), 35 Wis. 2d 377, 386, 151 N. W. 2d 9, this court adopted that portion of the *Standards Relating to Pleas of Guilty* proposed by the American Bar Association relating to the withdrawal of guilty pleas:

". . . These standards adopt the 'manifest injustice' test of Rule 32 (d) of the Federal Rules of Criminal Procedure and implements it with four factual situations which the advisory committee believes independently establish manifest injustice when proved by the defendant. We agree and adopt this standard. We think too the four fact situations are not exhaustive of situations which might constitute manifest injustice. . . ." [1]

The question of when a defendant is entitled to an evidentiary or plenary hearing on a motion to withdraw or vacate a guilty plea under Rule 32 (d) has been extensively considered by federal courts in many jurisdictions. *See* Annot. (1971), *Withdrawal of Plea of Guilty or Nolo Contendere, Before Sentence, Under Rule 32 (d) of Federal Rules of Criminal Procedure*, 6 A. L. R. Fed. 665, 678, sec. 6; *also* Annot. (1971), *Withdrawal of Plea of Guilty or Nolo Contendere, After Sentence, Under Rule 32 (d) of Federal Rules of Criminal Procedure*, 9 A. L. R. Fed. 309, 327, sec. 6.

We find the decisions of the various federal courts to be persuasive. These authorities reflect the rule that

---

[1] *See also: State v. Biastock* (1969), 42 Wis. 2d 525, 167 N. W. 2d 231.

a hearing is to be liberally granted if the motion or request is made *prior* to judgment or sentence. *United States v. Joslin* (D. C. Cir. 1970), 434 Fed. 2d 526.

Where, however, the motion is made after judgment and sentencing to correct a manifest injustice, it is within the discretion of the trial court whether or not to grant a hearing on the motion. Thus, where the record sufficiently refutes the allegations raised by the defendant in the motion, no hearing is required.

In *United States v. Shillitani* (D. C. N. Y. 1954), 16 F. R. D. 336, it was held that transportation of a defendant for a hearing is not compelled whenever a defendant is prepared to create a formal issue but a hearing is required only when the defendant raises a substantial issue of fact.

In *United States v. Tivis* (D. C. Texas 1969), 302 Fed. Supp. 581, 583, in a Rule 32 (d) proceeding, the petitioner alleged:

". . . [T]hat his plea of guilty was not voluntarily made, but was the *product of negotiation,* coercive advice of counsel and psychological persuasion by petitioner's counsel acting by and through his wife."

In denying the petitioner an evidentiary hearing, the Texas Federal Court stated:

". . . [I]f the petitioner's motion alleges facts which, if true, would entitle him to relief, the Court must hold a plenary hearing. And correspondingly, if the petitioner fails to allege sufficient facts to raise a fact question, or presents only conclusionary allegations, or if the record conclusively demonstrates that the petitioner is not entitled to relief, then no hearing need be held, and the motion may be denied. . . .
". . .
"These conclusionary allegations are clearly insufficient to justify relief or to raise a fact issue upon which a hearing should be held. . . ."

In further discussing the issue, the court held that the petitioner should be required to plead sufficient facts

in support of his allegations to raise a question as to whether or not a manifest injustice would result from a denial of his motion. A motion under Rule 32 (d) is considered broader in some respects than a motion under 2255 (28 USCA, sec. 2255, the federal counterpart of sec. 974.06, Stats.) since "manifest injustice" may result from irregularities or defects which would not reach constitutional magnitude and which would not be cognizable under 2255 or by way of habeas corpus.

Similarly, the Supreme Court of Michigan has held that the defendant, in a motion to withdraw a plea of guilty after sentence has been imposed, must support the motion by substantial factual allegations in order to be entitled to a hearing thereon. *People v. James Smith* (1971), 27 Mich. App. 650, 183 N. W. 2d 866. In claiming that his plea was involuntary, the defendant alleged in that case:

" 'That I was misled by my attorney and the sergeant in charge of this case to enter the plea of guilty, and such plea was not understandingly made, but was made with undue influence, compulsion and in understanding that leniency in sentence would follow.' " *People v. James Smith, supra,* p. 652.

The court held that these were the barest of legal conclusions and were insufficient to entitle the defendant to a hearing. An almost identical situation is presented in the instant case, and we conclude the allegations contained in the motion for withdrawal of the plea are insufficient to entitle the defendant to a hearing.

We here determine that if a motion to withdraw a guilty plea after judgment and sentence alleges facts which, if true, would entitle the defendant to relief, the trial court must hold an evidentiary hearing. However, if the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusionary allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief,

the trial court may in the exercise of its legal discretion deny the motion without a hearing. It is incumbent upon the trial court to form its independent judgment after a review of the record and pleadings and to support its decision by written opinion.[2]

In the instant case, the trial court did not follow this procedure in that it denied defendant's motion to withdraw his plea because (1) the defendant had not presented written or oral arguments prior to the hearing date, and (2) defense counsel had concluded there was no merit to the motion. However, since the defendant failed to allege sufficient facts in his motion and presented only conclusionary allegations, he was not entitled to an evidentiary or plenary hearing in this case.

*Postconviction relief under sec. 974.06, Stats.*

The power of the trial court to summarily dispose of a motion made pursuant to this section is not questioned on this appeal. Rather, it is argued that the record in the instant case does not conclusively show that the defendant was entitled to no relief and therefore the trial court erred in not granting a hearing on the motion. We are of the opinion the trial court did not err in denying this motion.

On his postconviction motion, the defendant asserts that his attorney enticed him to plead guilty or get ten years and gave him fifteen minutes to make up his mind. The record reveals, as the trial court pointed out when considering the motion, that the defendant stated he was making the plea freely and voluntarily without "threat or force or any threats of any kind." Furthermore, the defendant's attorney stated that the defendant was making his plea freely and voluntarily without any pressure on his part, and that the defendant understood the nature of the charge and the consequences of the

---

[2] *See Peterson v. State*, ante, p. 370, 195 N. W. 2d 837, for a discussion of the procedure under a motion brought pursuant to sec. 974.06, Stats.

plea. The plea was accepted prior to the effective date of *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, and is, therefore, governed by the law as it existed prior thereto. Thus, since the defendant was represented by counsel, the trial court had the right to assume, in addition to the statements on the record in this regard, that ". . . counsel has fulfilled his duty of proper representation by fully explaining to the accused the nature of the offense charged, the range of penalties, and possible defenses thereto, and satisfying himself that the accused understands such explanations, before permitting the accused to authorize the entry of a plea of guilty. . . ." *State v. Strickland* (1965), 27 Wis. 2d 623, 631, 135 N. W. 2d 295; *Ernst v. State, supra,* page 673.

Nevertheless, it is asserted that the word "enticed" implies a promise rather than the use of pressure, force or threats. Thus, it is argued that the error of the trial court was in failing to question the defendant to ascertain whether or not he had received any promises in connection with his plea. However, even assuming the validity of this contention, there is no claim that the plea was induced by a *false* promise. *See Schmitt v. Burke* (D. C. Wis. 1967), 277 Fed. Supp. 809, 811. In fact, defendant states in his response to Attorney Foley's no-merit report that he pled guilty specifically in order to receive a six-year sentence as opposed to a ten-year sentence.

We have considered the other issues raised by the defendant and consider them to be without merit and of no precedential value.

The records of this court also reflect that on May 6, 1970, a writ of error was issued, directed to the judgment of conviction. We have reviewed the entire record and find that an appeal would be without merit and wholly frivolous. Therefore, it is ordered that the writ of error dated May 6, 1970, be dismissed.

*By the Court.*—Orders affirmed.

WILKIE, J. *(concurring).* While I join in the affirmance of the orders in this case, there are circumstances under which a hearing should be held by the trial court on a motion to withdraw a guilty plea. The particular circumstances I refer to are those in which the defendant petitions to withdraw a guilty plea for the reason that a plea bargain was made, which bargain was not kept, and concerning which the record is inadequate. In *Farrar*,[1] Mr. Chief Justice HALLOWS and the writer took the position that when a plea bargain is asserted, the trial court should see to it that the terms of the plea bargain are spread upon the record. As we noted in *Farrar*,[2] in the usual situation, when a defendant enters a guilty plea he does not mention the bargain —instead he says that there were no promises made. Then, after pleading guilty, the plea bargain is not kept by the state and the defendant moves to withdraw the plea. The majority would say that in such a situation the defendant would have no right to a hearing on his motion because "the record sufficiently refutes the allegations raised by the defendant in the motion." This is contrary to the ruling in *Santobello v. New York*,[3] in which case the United States Supreme Court recently held (1971) that the failure to keep a plea bargain is a basis for the withdrawal of a guilty plea.

I would require a hearing on a motion to withdraw a guilty plea whenever the defendant asserts that his plea was induced by an unkept bargain. It would only be after the complete details of a plea bargain became a matter of record that no hearing would become discretionary with the trial court because of the lack of merit in the defendant's contention.

---

[1] *Farrar v. State* (1971), 52 Wis. 2d 651, 662, 191 N. W. 2d 214 (HALLOWS, C. J., and WILKIE, J., concurring); *see also: Bressette v. State*, ante, p. 232, 239, 194 N. W. 2d 635 (WILKIE, J., dissenting).

[2] 52 Wis. 2d at 663.

[3] (1971), 404 U. S. 257, 92 Sup. Ct. 495, 30 L. Ed. 2d 427.

I am authorized to state that Mr. Chief Justice HALLOWS and Mr. Justice HEFFERNAN join in this concurrence.