PER CURIAM.
¶1 Derrick Brown appeals a judgment convicting him of attempted first-degree sexual assault by use of a dangerous weapon, kidnapping with forceful carrying, and substantial battery by use of a dangerous weapon.[1] Brown also appeals an order denying, without a hearing, his motion for a new trial. Brown claims he was denied the effective assistance of counsel when his trial attorney failed to introduce evidence showing the complaining witness had identified another man as her assailant in a photo array and also had failed to identify Brown in a live lineup. We conclude Brown cannot demonstrate prejudice from his counsel's alleged error because there was overwhelming evidence linking Brown to the crimes. Accordingly, we affirm.
BACKGROUND
¶2 The complaining witness was a woman who was walking along a city street close to a park one evening when a man came up behind her, grabbed her arm, pointed a gun at her, and ordered her to come with him. Over the woman's objections, the assailant led her toward an entrance in a darker part of the park, where he told her to take off her pants. At that point, the woman "[dug] in [her] heels," began pleading with the assailant, and screamed for help. The assailant then physically attacked the woman, throwing her to the ground and striking her head repeatedly with the gun. The woman suffered a dislocated shoulder, multiple facial fractures, and dislodged teeth during the attack, but she managed to kick the assailant and grab his black knit hat off his head.
¶3 The attack was interrupted by someone who heard the woman's screams and yelled at the assailant from across the street. The assailant then ran off through the park while the woman crossed the street to seek help. A father and son saw the assailant run across the park and jump over a fence. They chased after the man but were unable to catch him.
¶4 A man whose property adjoined the park saw a man come over the fence from the same direction from which he heard screams. The property owner showed police the place where the man had jumped the fence, and the police recovered the slide and barrel of a gun at that location.
¶5 An initial analysis of skin cells on the gun slide and barrel led to a match with Brown's DNA profile in a law enforcement database. When the police arrived at a house where Brown resided with some relatives, Brown exited the residence through a window and fled on foot. The police executed a search warrant on the residence, and they found a tan jacket with blood on it in a bag inside a closet.
¶6 Additional DNA testing conclusively showed that blood on the black hat, the gun slide and barrel, and the sleeve of the tan jacket belonged to the complaining witness. A different spot of blood recovered from near the pocket of the tan jacket was conclusively determined to belong to Brown. Brown was also included as a possible contributing donor to a DNA mixture from skin cells on the black hat and on the gun slide and barrel. The odds that any random person could have contributed those DNA profiles were one in 420,000 for the hat and one in 8,900,000 for the gun slide and barrel. Brown presented no evidence at trial in his defense.
¶7 After the jury found Brown guilty of all counts, Brown moved for postconviction relief on the grounds of ineffective assistance of counsel. Brown alleged his counsel should have introduced evidence from a police report showing the complaining witness had identified men other than Brown as her assailant when shown a photo array that included photos of Brown and during a live lineup in which Brown was present. The circuit court denied Brown's motion without a hearing on the grounds that he could not demonstrate prejudice. Brown now appeals.
DISCUSSION
¶8 In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. State v. Allen , 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. In the context of a claim of ineffective assistance of counsel, the facts alleged would, if true, establish both that counsel provided deficient performance and that the defendant was prejudiced by that performance. State v. Swinson , 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12. No hearing is required, though, when the defendant presents only conclusory allegations or when the record conclusively demonstrates the defendant is not entitled to relief. Nelson v. State , 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972).
¶9 We independently determine whether a postconviction motion has alleged sufficient facts to entitle the defendant to a hearing as a matter of right. Allen , 274 Wis. 2d 568, ¶9. If the allegations are insufficient, the circuit court has discretion to decide whether to grant a hearing. Id.
¶10 Here, we agree with the circuit court's determination that Brown could not demonstrate prejudice on his claim of ineffective assistance of counsel. A defendant proves prejudice by demonstrating there is a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. State v. Jenkins , 2014 WI 59, ¶37, 355 Wis. 2d 180, 848 N.W.2d 786. A "reasonable probability" is a probability sufficient to undermine our confidence in the outcome. Id. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland v. Washington , 466 U.S. 668, 693 (1984). "[A] defendant need not prove the outcome would 'more likely than not' be different in order to establish prejudice in ineffective assistance cases." State v. Sholar , 2018 WI 53, ¶44, 381 Wis. 2d 560, 912 N.W.2d 89 (citing Strickland , 466 U.S. at 693 ). "Accordingly, a defendant need not prove the jury would have acquitted him [or her], but he [or she] must prove there is a reasonable probability it would have, absent the error." Id. , ¶46.
¶11 Brown argues that there is no way to determine when his blood was left on the jacket located at the house where police found Brown, and that the DNA material on the hat and the gun slide and barrel found at the scene of the crime could have been left there by a relative of Brown's, as that relative shared the house with him and could have had access to all three items. However, there was no evidence presented either at trial or in the postconviction submissions that any other individual in the residence ever actually handled any of the items. Relevant to counsel's alleged error at issue on appeal, there is no evidence that the persons the victim identified in the photo array or the lineup were such a relative.[2] Moreover, Brown was the one who fled when the police arrived at the residence. Finally, given the high odds against anyone else having left the DNA material on the hat and the gun slide and barrel, in conjunction with the conclusive matches of both Brown's blood and the victim's blood on the same jacket, a jury could not have reasonably concluded that anyone other than Brown had committed the assault, even if it had been informed of the photo array and lineup misidentifications.
¶12 In sum, the record conclusively demonstrates that Brown cannot satisfy the prejudice element of his ineffective assistance of counsel claim. Therefore, Brown was not entitled to a postconviction hearing as a matter of right, and the circuit court acted within its discretion when it denied Brown's motion for a new trial without a hearing.
By the Court.- Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

The judgment was subsequently amended to include a restitution order issued by Judge Ellen R. Brostrom, but the restitution order is not at issue on this appeal.

We note that while Brown's appellate argument is one of ineffective assistance by his trial counsel, it often reads more as an insufficiency of the evidence argument. While Brown made such an argument in his postverdict motion for acquittal notwithstanding the verdict, he expressly has not fashioned his argument on appeal as one based on the alleged insufficiency of the evidence to convict him.