COURT OF APPEALS
DECISION
DATED AND FILED

April 28, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2018AP2364-CR**

Cir. Ct. No.  **2014CF1727**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

WILLIE J. BRUCE,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Brown County:  TAMMY JO HOCK, Judge.  *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Willie Bruce appeals a judgment convicting him of first-degree sexual assault of a child under the age of thirteen and an order denying

his postconviction motion. The sole issue on appeal is whether Bruce is entitled to an additional hearing on his claim that his trial counsel provided ineffective assistance by failing to interview two witnesses present at the scene of the assaults. We conclude no additional hearing is required because Bruce cannot demonstrate prejudice resulting from his counsel's alleged failure. We therefore affirm.

## BACKGROUND

¶2 The charge arose from allegations by a six-year-old girl, Anne,[1] that Bruce had touched her on "the part that pees" on multiple occasions. Anne described three incidents that had occurred in Bruce's bedroom. During the first incident, Anne and Bruce were sitting on the bed after Bruce awoke from a nap while Anne's cousins, six-year-old Benjamin and five-year-old Charles, were sitting on the floor playing a wrestling video game on Xbox. According to Anne, Bruce reached under her underwear and touched her genital area with his finger. Anne told Bruce to stop because that was not an appropriate thing to do. Bruce asked Anne, "Please, one more time," and she refused.

¶3 In the second incident, Anne, Benjamin and Charles were all sitting on Bruce's bed playing a Tinkerbell video game on Xbox. Anne alleged Bruce came into the room and told the boys to sit on the floor, and then he sat next to Anne on the bed. Bruce proceeded to touch Anne's genital area under her underwear for some time while holding a blanket over himself. Anne told Bruce,

---

[1] This matter involves the victim of a crime. Consistent with WIS. STAT. RULE 809.86(4) (2017-18), we use pseudonyms instead of the names of the victim and her minor cousins.

"[T]his is the last time I'm going to tell you, please keep your finger off my privates." Bruce again asked, "Please, just one more time," and Anne refused.

¶4      In the third incident, Anne and Bruce were on the bed while Charles was on the floor playing on a handheld PlayStation device. Bruce touched Anne over her clothing "where the pee hole is." Anne told Bruce to stop, and he complied. Anne stated that no one had seen any of the touchings occur.

¶5      At trial, Bruce's defense strategy was to show that he had no opportunity to commit the assaults. However, his trial counsel, Christopher Froelich, never interviewed Benjamin or Charles before trial, and Froelich did not call the boys to testify at trial. During closing argument at trial, the prosecutor noted the boys had been playing video games during the incidents, but suggested that they likely would not have paid attention to what was going on between Bruce and Anne.

¶6      After Bruce was convicted, his postconviction counsel hired a private investigator to interview the boys. Benjamin told the investigator that Bruce would not allow Anne into his room, but that sometimes Bruce wrestled with him, Charles, and Anne. Benjamin remembered an occasion where Anne jumped on Bruce's neck while they were wrestling, but he never saw Bruce acting inappropriately toward Anne. Charles likewise told the investigator that Bruce would not allow Anne into his room, but that sometimes Bruce wrestled with Anne and the boys. Charles said he had never seen Anne get upset with Bruce.

¶7      Bruce filed a postconviction motion alleging Froelich had provided ineffective assistance by failing to interview the boys. The circuit court held an evidentiary hearing on the motion. Froelich testified that in his experience, it was risky to put young children on the stand because it was difficult to predict what

they would say. He did not feel it was necessary to risk putting the boys on the stand in this case because he believed he could establish the defense's case that Bruce did not have the opportunity to commit the assaults through the testimony of adults who were also present in the house.

¶8 After Froelich testified, the circuit court concluded that counsel's performance had not been deficient because it was based on a reasonable strategic decision. The court then decided that because it did not need to reach the question of prejudice, it would not take testimony from Benjamin and Charles. Bruce appeals, arguing the court erred by denying his motion without having considered the boys' testimony.

## DISCUSSION

¶9 In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. *State v. Allen*, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. In the context of a claim of ineffective assistance of counsel, that means the facts alleged would, if true, establish both that counsel provided deficient performance and that the defendant was prejudiced by that performance. *State v. Swinson*, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12. No hearing is required when the defendant presents only conclusory allegations or when the record conclusively demonstrates that he or she is not entitled to relief. *Nelson v. State*, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972).

¶10 Whether defense counsel's conduct violated the constitutional standard for effective assistance of counsel is ultimately a legal determination that this court decides de novo. *Id.* We need not address both components of the test if the defendant fails to make a sufficient showing on one of them. *Swinson*, 261

Wis. 2d 633, ¶58. We may also affirm on grounds different than those relied on by the circuit court. *State v. Earl*, 2009 WI App 99, ¶18, n.8, 320 Wis. 2d 639, 770 N.W.2d 755. Here, we conclude that Bruce is not entitled to an additional hearing on his claim of ineffective assistance of counsel because the allegations in his motion are insufficient to demonstrate prejudice arising from counsel's failure to interview Benjamin and Charles.

¶11     A defendant proves prejudice by demonstrating there is a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The "reasonable probability" standard does not require a showing that it is "more likely than not" that a jury would have acquitted the defendant. *State v. Sholar*, 2018 WI 53, ¶44, 381 Wis. 2d 560, 912 N.W.2d 89. Still, the "reasonable probability" standard is tied to the reviewing court's confidence in the outcome, *see id.*, ¶45, and the "likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

¶12     Bruce contends the postconviction statements made by Benjamin and Charles would create a reasonable probability of a different outcome at trial by undermining Anne's credibility. We are not persuaded that is the case for two reasons.

¶13     First, Benjamin's and Charles' statements do not directly contradict Anne's testimony. The fact that Anne may have been told she was "not allowed" to enter Bruce's room would not preclude the possibility that she had gone in anyway—particularly as both boys stated that Bruce would sometimes wrestle with Anne, as well as with them. Neither boy asserted that he had never played video games with Anne in Bruce's room, as she testified, and Bruce himself

alleged that the boys were present in Bruce's room with Anne at the time of each alleged incident. Moreover, Anne did not claim that either boy had actually seen Bruce touching her. To the contrary, she stated that no one had seen any of the touching as the boys were playing video games.

¶14 Second, the prosecutor's comments during closing argument suggest that the State essentially conceded Benjamin and Charles did not see Bruce inappropriately touching Anne. Bruce was free to—and did—argue it was not plausible for him to have committed the acts described by Anne while Benjamin and Charles were in the same room, without the boys seeing anything. Firsthand testimony from the boys confirming the uncontested fact that they had not seen anything would therefore have provided little, if any, assistance to the jury in assessing Anne's credibility.

¶15 In sum, we conclude that Bruce fails to show a reasonable probability of a different outcome had the boys been interviewed and called to testify at trial. Accordingly, the circuit court properly denied Bruce's postconviction motion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).