COURT OF APPEALS
DECISION
DATED AND FILED

July 27, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2020AP498-CR**
**2020AP499-CR**
**2020AP500-CR**
**2020AP501-CR**

Cir. Ct. Nos. 2017CF1451
2017CF1903
2018CF579
2018CF581

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ALEJANDRO JUAN GUTIERREZ,

DEFENDANT-APPELLANT.

APPEAL from judgments and an order of the circuit court for Brown County: MARC A. HAMMER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Alejandro Gutierrez appeals judgments, entered upon his no-contest pleas, convicting him of child enticement; third-degree sexual assault; strangulation and suffocation; false imprisonment; burglary of a dwelling; and two counts of felony bail jumping, with both the false imprisonment and burglary counts as party to a crime. He also appeals the order denying his motion for postconviction relief. Gutierrez argues he is entitled to plea withdrawal because a defective plea colloquy rendered his pleas unknowing, unintelligent, and involuntary. For the reasons discussed below, we affirm the judgments and order.

## BACKGROUND

¶2 Gutierrez was charged in four Brown County cases with eight felony and four misdemeanor offenses. In exchange for his no-contest pleas to seven of the offenses, as delineated above, the State agreed to recommend that the circuit court dismiss and read in the remaining charges. After a plea colloquy, the court accepted the pleas, stating that it was satisfied Gutierrez's no-contest pleas were knowing, intelligent, and voluntary; that Gutierrez understood and waived his rights freely and voluntarily; and that there was a sufficient factual basis to support the pleas.

¶3 On five of the offenses, the circuit court imposed concurrent prison sentences resulting in an aggregate twenty-year sentence, consisting of ten years' initial confinement and ten years' extended supervision. With respect to the felony bail jumping convictions, the court withheld sentence and imposed two years' probation on each count concurrent to each other, but consecutive to the prison sentences. Gutierrez's postconviction motion for plea withdrawal was denied without a hearing, and this appeal follows.

## DISCUSSION

¶4    Gutierrez argues the circuit court erred by denying his postconviction motion for plea withdrawal without a hearing. Decisions on plea withdrawal requests are discretionary and will not be overturned unless the circuit court erroneously exercised its discretion. *State v. Spears*, 147 Wis. 2d 429, 434, 433 N.W.2d 595 (Ct. App. 1988). In a postconviction motion for plea withdrawal, the defendant carries the heavy burden of establishing, by clear and convincing evidence, that plea withdrawal is necessary to correct a manifest injustice. *See State v. Thomas*, 2000 WI 13, ¶16, 232 Wis. 2d 714, 605 N.W.2d 836. The manifest injustice standard requires the defendant to show "a serious flaw in the fundamental integrity of the plea." *Id.* (citation omitted).

¶5    One way for a defendant to meet this burden is to show that he or she did not knowingly, intelligently and voluntarily enter the plea. *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906. Whether a plea is knowing, intelligent, and voluntary is a question of constitutional fact. *Id.*, ¶19. We accept the circuit court's findings of historical and evidentiary facts unless they are clearly erroneous, but we determine independently whether those facts demonstrate that the defendant's plea was knowing, intelligent, and voluntary. *Id.*

¶6    A defendant may move to withdraw his or her plea based on an error within the plea colloquy—otherwise known as a *Bangert* claim—by: (1) making a prima facie showing of a violation of WIS. STAT. § 971.08 (2019-20),[1] or another

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

court-mandated duty; and (2) alleging that he or she did not, in fact, know or understand the information that should have been provided during the plea colloquy. *State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986). If the defendant satisfies these obligations, the burden shifts to the State to prove by clear and convincing evidence that the defendant's plea was knowing, intelligent, and voluntary despite the inadequacy of the plea colloquy. *Id.* The State may utilize any evidence in the record "to show that the defendant in fact possessed the constitutionally required understanding and knowledge which the defendant alleges the inadequate plea colloquy failed to afford him [or her]." *Id.* at 274-75.

¶7 Additionally, or alternatively, a defendant may establish a manifest injustice by proving "that some factor extrinsic to the plea colloquy … renders a plea infirm." *See State v. Howell*, 2007 WI 75, ¶74, 301 Wis. 2d 350, 734 N.W.2d 48. This is known as a *Nelson/Bentley* claim. *See State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996); *Nelson v. State*, 54 Wis. 2d 489, 195 N.W.2d 629 (1972). "A defendant's *Nelson/Bentley* motion must meet a higher standard for pleading than a *Bangert* motion." *Howell*, 301 Wis. 2d 350, ¶75. To obtain a *Nelson/Bentley* evidentiary hearing, a postconviction motion should present its allegations in a "who, what, where, when, why, and how" format, with sufficient particularity to allow the circuit court to meaningfully assess the claim. *State v. Allen*, 2004 WI 106, ¶23, 274 Wis. 2d 568, 682 N.W.2d 433. A circuit court has discretion to deny a *Nelson/Bentley* motion without an evidentiary hearing if a defendant fails to allege sufficient facts to raise a question of fact, presents only conclusory allegations, or if the record demonstrates that the defendant is not entitled to relief. *Nelson*, 54 Wis. 2d at 497-98. When reviewing a circuit court's

4

discretionary decision, we use the deferential erroneous exercise of discretion standard. *Bentley*, 201 Wis. 2d at 311.

¶8      Here, Gutierrez's postconviction motion appeared to assert claims under both *Bangert* and *Nelson/Bentley*. Specifically, Gutierrez alleged: (1) the circuit court failed to ask him "whether he had used drugs or alcohol on the date of the hearing to such an extent that he was unable to understand the effect of his actions"; and (2) the court did not "inquire as to whether he was suffering, at the time of [the] plea[s], from a mental health issue, whether he was taking medication for that issue, or the effect that either that mental health issue or the medication had on [his] ability to understand what he was doing" when he entered his pleas. In an accompanying affidavit, Gutierrez averred that "[p]rior to the time that he entered his plea[s], [he] had been diagnosed with depression, anxiety, suicidal thoughts, conduct disorder, ADHD, negativism, and self-defeating personality traits." Gutierrez further averred that he had been prescribed medications for these conditions, he was not taking the medications at the time he entered his pleas, and the failure to receive and take prescribed drugs rendered him incapable of understanding the consequences of his pleas.

¶9      With respect to his *Bangert* claim, the specific questions that Gutierrez claims were omitted during the plea colloquy are not required by WIS. STAT. § 971.08 or *Bangert* and its progeny. *See Brown*, 293 Wis. 2d 594, ¶35. Gutierrez nevertheless argues that the circuit court was required to ascertain whether he "actually" understood the proceeding and, without inquiry into Gutierrez's mental health, the court failed to confirm that Gutierrez had the capacity to make informed decisions. We are not persuaded.

¶10   Prior to the plea hearing, Gutierrez completed and signed a plea questionnaire and waiver of rights form in which he acknowledged his understanding of the elements of the offenses, the potential punishment for each offense, and the constitutional rights he waived by entering no-contest pleas. Significantly, Gutierrez checked boxes indicating he was not "currently receiving treatment for a mental illness or disorder," and he had not "had any alcohol, medications, or drugs within the last 24 hours." During the plea colloquy, Gutierrez confirmed that he had "[c]arefully reviewed" the form before signing it. The circuit court was entitled to credit the truth of Gutierrez's assertions in the plea questionnaire form. *See State v. Hoppe*, 2008 WI App 89, ¶18, 312 Wis. 2d 765, 754 N.W.2d 203 (recognizing that a plea questionnaire form is an intrinsic part of the plea colloquy, as its use can "lessen the extent and degree of the colloquy otherwise required").

¶11   At the outset of the plea hearing, the plea agreement was read into the record, Gutierrez confirmed it was a correct summary of the agreement, and he further confirmed that he understood what the parties were "going to do today." The circuit court's plea colloquy, as supplemented by the plea questionnaire and waiver of rights form, confirmed Gutierrez's understanding of the elements of the offenses, the penalties that could be imposed, and the constitutional rights he waived by entering no-contest pleas. The court confirmed that Gutierrez understood the court was not bound by the terms of the plea agreement, *see State v. Hampton*, 2004 WI 107, ¶2, 274 Wis. 2d 379, 683 N.W.2d 14, and it advised Gutierrez of the deportation consequences of his pleas, as mandated by WIS. STAT. § 971.08(1)(c). Additionally, the court properly found that a sufficient factual basis existed in the record to support the conclusion that Gutierrez committed the

crimes charged. Ultimately, Gutierrez points to no part of the plea colloquy that would have signaled to the court that Gutierrez might not have "actually" understood either the court's questions or what Gutierrez was saying he understood due to the use of drugs, alcohol, mental illness or medications taken for that mental illness. Because Gutierrez failed to make a prima facie case to support his motion for plea withdrawal based upon a *Bangert* violation, the court properly denied his claim without a hearing.

¶12 Alternatively, Gutierrez's motion under *Nelson/Bentley* is also facially insufficient to obtain an evidentiary hearing. Gutierrez appears to argue that his affidavit and a doctor's report submitted with the presentence investigation report ("PSI") establish that he suffered from a mental illness that affected his competency to enter his pleas. With respect to the affidavit, Gutierrez averred that he had been diagnosed with various mental health issues "prior to the time that he entered his plea[s]" and that he was not receiving prescribed medications at the time of the plea hearing. Neither his postconviction motion nor his affidavit, however, specified when Gutierrez was diagnosed with these conditions; who diagnosed the disorders; and what drugs were prescribed and their purpose or effect. Gutierrez also failed to allege that at the time of his pleas he continued to suffer from previously diagnosed mental or emotional disorders, or what medications he was currently prescribed. Moreover, Gutierrez failed to explain how any of his alleged diagnoses or the absence of medication affected his ability to understand the consequences of his no-contest pleas. His motion provided no documentation or expert evidence to support his claim. Rather, he solely relied on his conclusory affidavit.

7

¶13    With respect to the doctor's report, the circuit court noted in its order denying Gutierrez's postconviction motion that a licensed psychologist had conducted an evaluation in conjunction with the PSI to address Gutierrez's mental health issues, treatment needs, and risk management. Neither the doctor's report nor the PSI, however, suggested that Gutierrez had been prescribed medication at the time of the plea hearing or that he otherwise lacked an understanding of the consequences of his pleas. The court added:

> The simple fact that [Gutierrez] was prescribed medication in the past, for one of numerous mental health conditions, would require the Court to speculate as to which conditions were operative, which conditions affected [Gutierrez], and which conditions, if any, would have as a consequence a lack of understanding regarding the legal process.

Ultimately, Gutierrez's motion failed to provide the "what," "when," "who," and "how" answers necessary for the circuit court to meaningfully assess his claim. *See Allen*, 274 Wis. 2d 568, ¶23. As the court noted, "[t]he record is void of any influence or suggestion that [Gutierrez] did not understand what he was doing at the time he entered his pleas." Because Gutierrez failed to allege sufficient facts and relied on only conclusory allegations to support his *Nelson/Bentley* claim, the court properly denied his motion without a hearing.

    *By the Court.*—Judgments and order affirmed.

    This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.