COURT OF APPEALS
DECISION
DATED AND FILED

June 3, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP1875-CR**

Cir. Ct. No. 2019CT1933

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

        PETITIONER-RESPONDENT,

  V.

NICOLAS J. BERGNER

        RESPONDENT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: ANDERSON M. GANSNER and LENA C. TAYLOR, Judges. *Affirmed*.

¶1 COLÓN, J.[1] Nicolas J. Bergner appeals from a judgment of conviction entered following a jury trial in which he was found guilty of operating

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

with a prohibited alcohol concentration (3rd offense) and an order denying, without an evidentiary hearing, his postconviction motion for a new trial. As grounds for his motion, Bergner asserts that his trial counsel was ineffective for failing to object to the court's use of a numbers-only jury selection procedure without making any factual findings to support the use of that procedure. Bergner insists that the use of a numbers-only selection process gave jurors the impression that he was dangerous and that there was a need for them to protect their personal information. This, he argues, upended his constitutional rights to a presumption of innocence and to a fair trial. On appeal, we affirm.

## BACKGROUND

¶2 On September 16, 2019, Bergner was charged with one count of operating a motor vehicle while under the influence (3rd offense) ("OWI") and one count of operating with a prohibited alcohol concentration (3rd offense) ("PAC"). The complaint alleged that in the early morning hours of August 22, 2019, a City of Franklin police officer conducted a traffic stop of Bergner's vehicle, upon determining that the vehicle's registration had expired. When the officer approached the vehicle, he noted that the driver, Bergner, had "glassy and blood shot" eyes and slurred speech. Bergner "admitted to having two 16 ounce Miller Lite beers." Bergner submitted to Standardized Field Sobriety Tests and the officer noted that Bergner performed "poorly, exhibiting multiple clues of impairment." Suspecting Bergner to be under the influence of an intoxicant, the officer had Bergner submit to an Intoximeter breath test, which indicated that Bergner had an ethanol concentration of 0.08g of ethanol per 210L of breath. Bergner had previously been convicted of two OWI-related offenses in 2004 and 2011, respectively.

¶3      The matter ultimately proceeded to a jury trial on January 16, 2024. Prior to jury selection, the trial court[2] instructed the jurors to refer to themselves by their juror numbers, rather than their names, in order to give them "a little bit of privacy." At the time, the court did not make any factual findings to support the use of a numbers-only jury selection procedure, and defense counsel did not object.

¶4      During the trial, the jury heard testimony from competing experts as to the accuracy of the field sobriety tests and the Intoximeter breath test. The defense expert, Dr. Ronald Henson, testified that "the field sobriety test could not be conclusive to identify that Mr. Bergner was impaired" and that the Intoximeter breath test "has various margins of error or reliability[.]" The State's expert, Therese Sanders, testified only to the Intoximeter breath test, stating that she was not "aware of a factory margin of error" and that the test is actually "extremely accurate and reliable."

¶5      Ultimately, the jury found Bergner guilty of the PAC charge and not guilty of the OWI charge. Bergner subsequently filed a postconviction motion, alleging that his trial counsel was ineffective for failing to object to the numbers-only selection process. The circuit court denied the motion without conducting an evidentiary hearing, finding that Bergner had failed to allege sufficient facts to entitle him to a hearing. The circuit court noted in its decision that "[r]eferring to jurors by their juror numbers during voir dire is a relatively common practice, often adopted without objection, for the convenience of the parties, to avoid

---

[2] The Honorable Anderson M. Gansner presided over Bergner's trial. The Honorable Lena C. Taylor presided over Bergner's postconviction motion. We refer to Judge Gansner as the trial court and Judge Taylor as the circuit court.

mispronouncing names, and for juror comfort." While the court acknowledged that "there are cases where … the nature of the charges is such that the specter of the defendant's dangerousness is inherently raised" by using a numbers-only selection process, it concluded that "the defendant has made no showing that this was the case here, where he was on trial for a simple OWI." The court also decided that Bergner's claim of prejudice was "nothing more than speculation," as Bergner had "provided no support for a finding that the jury would interpret the court procedure as implying dangerousness on his part given the context of the trial." Bergner appeals.

## DISCUSSION

¶6      On appeal, Bergner renews his argument that the circuit court erred in denying, without a hearing, his postconviction motion for a new trial. Bergner insists that his "motion alleged that counsel's performance was indisputably deficient because [counsel] failed to object to the numbers-only jury selection procedure ordered by the court" and that the trial court did not make any factual findings in the record to support use of that procedure.

¶7      In examining a postconviction motion, a court must ask whether the motion sufficiently "alleges facts which, if true, would entitle the defendant to relief[.]" *Nelson v. State*, 54 Wis. 2d 489, 497, 195 N.W.2d 629 (1972). If the motion does so, the court must hold an evidentiary hearing. *Id.* However, if the motion fails to do so, or if it "presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the court has the discretion to decide the motion without an evidentiary hearing. *Id.* at 497-98.

¶8      Relying on *State v. Tucker*, 2003 WI 12, 259 Wis. 2d 484, 657 N.W.2d 374, Bergner argues that the trial court was required to make proper

4

findings before it could restrict any juror information during voir dire. In *Tucker*, our supreme court was tasked with reviewing the trial court's use of a numbers-only jury selection procedure in a criminal trial. The trial court, prior to jury selection, told counsel off-record that it was the court's practice to use numbers rather than names during jury selection. *Id.*, ¶2. Defense counsel objected, but the trial court proceeded with using numbers because it was a "case involving sales of drugs." *Id.* Both parties, however, had access to all the juror information, including their names. *Id.*

¶9    Our supreme court held in *Tucker* that "if a circuit court restricts any juror information, the court must make an individualized determination that the jury needs protection and take reasonable precautions to minimize any prejudicial effect to the defendant." *Id.*, ¶4. The court concluded that the trial court had erroneously exercised its discretion in withholding the jurors' names from the record. *Id.* However, the court nevertheless concluded that the error was harmless "based on the overwhelming evidence" of the defendant's guilt. *Id.*

¶10    Here, Bergner's counsel did not make a contemporaneous objection to the jury selection process. *See State v. Erickson*, 227 Wis. 2d 758, 765-67, 596 N.W.2d 749 (1999). Un-objected-to errors are generally analyzed within the ineffective assistance of counsel framework. *State v. Mercado*, 2021 WI 2, ¶37, 395 Wis. 2d 296, 953 N.W.2d 337. Thus, assuming without deciding that the trial court erred when it used a numbers-only jury selection procedure without making any individualized determination that the jury needed protection, or without taking any reasonable precautions to minimize any potential prejudice to Bergner, this court must determine whether Bergner's counsel was ineffective when he failed to object to the alleged error.

¶11 Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Marcum*, 166 Wis. 2d 908, 917, 480 N.W.2d 545 (Ct. App. 1992). On review, an ineffective assistance of counsel claim presents a mixed question of fact and law. *State v. Pico*, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95. The circuit court's factual findings will be upheld unless clearly erroneous, but this court independently reviews whether those facts amount to ineffective assistance of counsel as a matter of law. *Id.* "An appellate court independently determines whether those historical facts demonstrate that defense counsel's performance met the constitutional standard for ineffective assistance of counsel, benefiting from the analyses of the circuit court[.]" *State v. Dillard*, 2014 WI 123, ¶86, 358 Wis. 2d 543, 859 N.W.2d 44. The test for deficient performance is objective, asking whether "[u]nder the totality of the circumstances, did trial counsel's performance fall 'outside the wide range of professionally competent assistance'?" *Id.*, ¶88 (citation omitted). Generally, judicial scrutiny of an attorney's performance should be highly deferential. *Id.*

¶12 In order to demonstrate ineffective assistance of counsel, a defendant must be able to show both that counsel's performance was deficient and that prejudice occurred as a result. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). A court need not address both aspects of this test if the defendant has failed to make a sufficient showing on either one. *Id.*

¶13 To demonstrate prejudice, Bergner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Applying those factors to the present case, this court need not reach whether Bergner's counsel was ineffective for failing to make an objection, because

Bergner has not shown that he was prejudiced by the trial court's use of a numbers-only jury selection procedure.

¶14 In alleging prejudice, Bergner relies on the holding in *Tucker*, arguing that "the empanelment of an anonymous jury triggers due process scrutiny because this practice is likely to taint the jurors' opinion of the defendant, thereby burdening the presumption of innocence." Bergner takes issue with the fact that the circuit court, in denying his postconviction motion without an evidentiary hearing, found that he had provided no support for a finding that the jury was somehow biased by the use of a numbers-only selection procedure. He rhetorically asks, "What kind of factual 'support' does the circuit court expect Bergner to provide? Does the circuit court mean to suggest that Bergner was required to 'support' his claim by filing affidavits signed by each of the jurors[?]"

¶15 Bergner concludes that prejudice was obvious from the record, given that the evidence against him was apparently "far from overwhelming." He states, "Had the jury not been sent the message that Bergner is a dangerous person from whom the jury needs protection, there is a reasonable probability that the jury would have acquitted him on both counts." Thus, Bergner's argument is essentially that the jury must have been prejudiced because the evidence against him was not "overwhelming," and yet the jury still found him guilty of one of the two charges.

¶16 However, it was entirely within the jury's purview to weigh the competing testimony of the expert witnesses. Further, the jury's finding of not guilty of OWI undermines any claim that the jury found him dangerous by virtue of referring to the jurors by their numbers. As such, it is impossible to conclude

that the jury was prejudiced to believe Bergner was dangerous when they convicted him of PAC, but not dangerous when they acquitted him of OWI.

¶17     Because Bergner cannot show prejudice sufficient to undermine the outcome of this case, he cannot show that trial counsel was ineffective by failing to object to the trial court's use of a numbers-only jury selection procedure. Bergner's postconviction motion relies entirely on an argument that trial counsel was ineffective, and thus it would be fruitless for this court to consider whether the alleged error by the trial court could have undermined the outcome of the case to an extent that Bergner would have been entitled to an evidentiary hearing.  In examining Bergner's motion under an ineffective assistance of counsel framework, Bergner has failed to satisfy the prejudice prong of the ***Strickland*** test.

¶18     Bergner's postconviction motion raises only conclusory allegations, and it was within the circuit court's discretion to deny Bergner's postconviction motion without an evidentiary hearing.

## CONCLUSION

¶19     Based on the foregoing reasons, this court concludes that Bergner has not made a sufficient showing to entitle him to an evidentiary hearing on his postconviction motion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.