COURT OF APPEALS
DECISION
DATED AND FILED

July 8, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

Appeal No.  **2023AP1602-CR**

Cir. Ct. No. 2020CF221

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

CHAD E. COLE,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Marinette County: JANE M. SEQUIN, Judge.  *Affirmed.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1  PER CURIAM.  Chad E. Cole appeals from a judgment convicting him of an eighth offense of operating a motor vehicle while intoxicated (OWI) and

from a postconviction order denying, without a hearing, his motion for reconsideration of a suppression ruling based upon allegations of ineffective assistance of counsel. Cole contends that: (1) law enforcement lacked reasonable suspicion for a traffic stop; (2) his trial counsel was ineffective by failing to introduce a video that would have undermined a law enforcement officer's testimony at the suppression hearing about information justifying the stop; and (3) the circuit court erred by refusing to allow Cole to subsequently reopen the evidentiary record to introduce the video.

¶2 We conclude that law enforcement had sufficient information to warrant the stop without considering the disputed fact documented on the video. Therefore, the circuit court properly denied the original suppression motion and did not err by denying Cole's postconviction reconsideration motion without a hearing. Accordingly, we affirm.

## BACKGROUND

¶3 The State charged Cole with OWI, operating a motor vehicle with a prohibited alcohol concentration, attempting to flee or elude an officer, operating a motor vehicle while his license was revoked, resisting an officer, and criminal damage to property—all arising out of a series of related events occurring on July 19, 2020, and July 27, 2020. Cole filed a suppression motion challenging any evidence relative to the charges obtained during a traffic stop conducted on July 27, 2020.

¶4 There were four witnesses at the suppression hearing. Deputy David Oginski testified that he was on patrol the evening of July 27, 2020, when he observed a silver Ford Escape with a damaged front end traveling in the opposite direction. Oginski recognized the Escape as a vehicle regularly operated by Cole

and also was aware that Cole did not have a valid drivers' license. Oginski confirmed that the license plate on the Escape matched the vehicle Cole was known to drive. Oginski then, without having seen who was actually driving the vehicle, directed Deputy Spencer Elias, who was in a following squad car, to conduct a traffic stop on the Escape.

¶5 Oginski recounted several incidents that informed his belief that Cole regularly operated the Escape. First, Oginski and Elias had observed the Escape parked at Cole's residence when they responded to an assault complaint there earlier in July. Second, during the assault investigation, several friends of Cole's confirmed that Cole regularly drove a silver Ford Escape. Third, during the investigation of a separate property damage incident, Cole's father informed Oginski, that Cole drove a silver SUV. Fourth, Elias relayed to Oginski that, the evening before the stop, Cole told Elias that the silver Ford Escape was no longer drivable because Cole had hit a deer with it.

¶6 Elias likewise testified that several people advised him during prior investigations in the month before the stop that Cole regularly drove the Escape. Elias also was aware, based upon his running a status check, that Cole had a revoked license. The evening before the stop, Elias observed the Escape at Cole's residence with a damaged front end. Elias stated that Cole told him the damage to the Escape occurred when Cole hit a deer with the vehicle. Elias did not see who was actually driving the Escape before he initiated the traffic stop, and he stated that he had never personally observed Cole driving the vehicle.

¶7 Deputy Steven Schmidt similarly testified that several people informed him during the prior property damage investigation that Cole was known to drive the Escape, which Schmidt said was registered to Cole's sister. Schmidt

further testified that, on the evening before the stop, Cole admitted to previously driving the Escape.

¶8 Finally, Cole's sister, Christy Jardeen, testified that she was the registered owner of the Escape and that she was the one who had hit the deer. She stated that the Escape was her "second vehicle" and was being stored at her parent's house in July 2020 so that her parents could use it to run errands. No one asked Jardeen whether she had ever given Cole permission to drive the Escape or whether she had any knowledge of him doing so.

¶9 The circuit court acknowledged that there was a discrepancy in the testimony as to whether Cole or his sister had been driving the Escape when it hit the deer. However, the court viewed the only relevance of the deer incident evidence to be that the damage to the front of the Escape helped to identify the vehicle. The court concluded that law enforcement had articulated specific reasons to believe that Cole had a suspended drivers' license and had been regularly driving the vehicle in the month before the stop, which provided the requisite reasonable suspicion to support the stop. Accordingly, the court denied the suppression motion.

¶10 Following the denial of his suppression motion, Cole entered a no-contest plea to the OWI count in exchange for the dismissal of the other charges, and the State agreed to recommend a sentence of four years' initial confinement followed by five years' extended supervision. The circuit court adopted the State's sentencing recommendation.

¶11 Upon reviewing the record, Cole's postconviction counsel filed a postconviction motion seeking to reopen the evidentiary portion of the suppression hearing and asking the circuit court to reconsider its suppression ruling. Cole alleged that on an audiovisual recording of an encounter between Cole and law

4

enforcement officers, Cole could be heard saying that his sister had hit a deer while driving the vehicle. Cole argued that his trial counsel provided ineffective assistance by failing to introduce the video to impeach the two law enforcement officers who had testified that Cole had admitted to driving the vehicle and hitting the deer.

¶12 The circuit court denied the postconviction motion without a hearing. The court emphasized that it had *not* relied upon the officers' testimony that Cole had admitted to driving the car when it hit the deer. Therefore, Cole was not prejudiced by counsel's failure to introduce additional evidence on that topic, and the court had no basis to reconsider its decision. Cole appeals, challenging both the original suppression ruling, and the order denying, without a hearing, his motion to reopen the evidentiary hearing and the court's refusal to reconsider the suppression ruling.

## DISCUSSION

¶13 When reviewing a motion to suppress evidence, we will uphold the circuit court's findings of fact unless they are clearly erroneous. WIS. STAT. § 805.17(2) (2023-24); *State v. Hindsley*, 2000 WI App 130, ¶22, 237 Wis. 2d 358, 614 N.W.2d 48. However, we will independently determine whether the facts found by the circuit court satisfy applicable constitutional provisions. *Hindsley,* 237 Wis. 2d 358, ¶22.

¶14 In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. *State v. Allen*, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. No hearing is required, though, when the defendant presents only conclusory allegations or when the record conclusively demonstrates that he or she is not entitled to relief. *Nelson v. State*, 54

5

Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972). We independently review the sufficiency of the facts to warrant a hearing. *Allen*, 274 Wis. 2d 568, ¶9.

¶15 There is no dispute that it is constitutionally permissible for a law enforcement officer to briefly detain an individual for investigative questioning (commonly known as a *Terry* stop) when there exists a reasonable suspicion, based upon specific and articulable facts together with rational inferences drawn from those facts, that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). Although reasonable suspicion is a low bar that does not require ruling out innocent activity, it requires more than a mere "hunch." *State v. Genous*, 2021 WI 50, ¶8, 397 Wis. 2d 293, 961 N.W.2d 41. The question is what a reasonable officer might suspect, given the totality of the circumstances and the officer's training and experience. *Id.*, ¶¶8-9.

¶16 Cole contends that Oginski and Elias had no more than a mere hunch that Cole was driving the Escape at the time of the July 27 stop because they did not actually see who was behind the wheel before initiating the stop and they had never personally observed Cole driving the vehicle. We disagree. The deputies articulated having personally seen the vehicle at Cole's residence on two occasions—including the night before the stop. They were also informed by multiple people, including Cole's own father, that Cole regularly drove the vehicle. An officer with that knowledge would reasonably suspect that Cole might be driving the vehicle. With the additional recent knowledge that Cole had a suspended license, the deputies had reasonable suspicion to conduct an investigatory stop to determine whether Cole was operating the vehicle without a valid license. The circuit court therefore properly denied Cole's suppression motion.

¶17    As to the postconviction motion, Cole could not demonstrate prejudice from his trial counsel's failure to impeach the deputies' testimony that Cole had admitted to hitting a deer while driving the vehicle because the circuit court did not rely on that testimony in denying Cole's suppression motion. Instead, the court explicitly stated that it did not matter to its analysis who had been driving the vehicle on that specific occasion because there were still multiple reports from other people that Cole had been regularly driving the vehicle. Because the video would not have changed the court's ultimate decision, the court was not required to hold a hearing to admit the video or consider counsel's failure to introduce it.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).