COURT OF APPEALS
DECISION
DATED AND FILED

November 30, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP296-CR**

Cir. Ct. No. **2015CF2534**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DARRYL CLARENCE AGNEW,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JANET C. PROTASIEWICZ, Judge. *Affirmed*.

Before Donald, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Darryl Clarence Agnew appeals a judgment of conviction, following a jury trial, of possession of between one and five grams of cocaine, with the intent to deliver, as a second or subsequent offense. Agnew also appeals from the order denying his postconviction motion for relief. Agnew contends that his trial attorneys were ineffective for failing to move to disclose the identities of the two confidential informants whose statements were included in a search warrant affidavit. We affirm.

## BACKGROUND

¶2 On June 8, 2015, the State charged Agnew with one count of possession of between one and five grams of cocaine, with the intent to deliver, as a second or subsequent offense. According to the complaint, the charge stemmed from evidence recovered during the execution of a search warrant on a Milwaukee home. The affidavit supporting the warrant contained information about a controlled cocaine buy conducted by a confidential informant under the direction of law enforcement. The controlled buy took place within the "past 72 hours," preceding the signing of the affidavit. As relevant to this appeal, the affidavit states that the informant entered the residence described in the document and purchased cocaine from an individual named "Black." The affidavit states that a second confidential informant knew Agnew as the main drug supplier for that location and that "Black" was one of Agnew's dealers. The affidavit states that the second informant also personally observed Agnew in possession of a firearm.

¶3 Police executed the warrant in a "no-knock" manner and found two digital scales in the kitchen, two and one-half grams of cocaine in a jacket in the northwest bedroom, and more than eleven grams of cocaine in a package in the southwest bedroom. Police found several documents belonging to Agnew in both

bedrooms and documents pertaining to two other men in the southwest bedroom. A DNA swab of the cocaine bag found in the northwest bedroom matched Agnew's DNA. The charges against Agnew related only to the cocaine recovered from the northwest bedroom.

¶4    The matter proceeded to trial where the jury convicted Agnew as charged. The circuit court sentenced Agnew to twelve months in the House of Correction.

¶5    Agnew filed a motion for postconviction relief, arguing that his trial attorneys were ineffective for failing to move to disclose the identities of the two confidential informants whose statements were included in the affidavit underlying the search warrant. The postconviction court denied the motion without a hearing or an *in camera* review.

## DISCUSSION

¶6    We review the circuit court's decision not to hold an evidentiary hearing on a postconviction motion using a mixed standard of review. *See **State v. Bentley***, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). We first determine "whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief. This is a question of law that we review *de novo*." *See **State v. Allen***, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433 (emphasis added). No hearing is required when a defendant presents only conclusory allegations or if the record conclusively demonstrates that the defendant is not entitled to relief. ***Nelson v. State***, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972).

¶7 To prevail on a claim of ineffective assistance of counsel, a defendant must prove both that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Id.*** However, "[a] court need not address both components of this inquiry if the defendant does not make a sufficient showing on one." ***State v. Smith***, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854.

¶8 On appeal, Agnew contends that his attorneys were ineffective for failing to seek disclosure of the identities of the informants referred to in the search warrant affidavit. Agnew does not challenge the validity of the warrant itself, but rather contends that "[t]he evidence obtained as a result of the execution of the search warrant formed the basis for Agnew's conviction in this case." Specifically, Agnew contends that the search warrant does not indicate how one of the informants was able to identify Agnew as the primary cocaine supplier. Agnew also contends that because multiple residents resided at the property at issue, the informant may have misidentified Agnew. Accordingly, he contends that testimony from the informants about the other residents could support Agnew's theory that another resident possessed the cocaine. Agnew is mistaken.

¶9 Under WIS. STAT. § 905.10(1) (2019-20),[1] the State "has a privilege to refuse to disclose the identity of a person who has furnished information

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

4

relating to or assisting in an investigation of a possible violation of law[.]" This privilege is not absolute and must give way if nondisclosure will prevent the defendant from presenting a defense. *See State v. Nellessen*, 2014 WI 84, ¶21, 360 Wis. 2d 493, 849 N.W.2d 654.

¶10 There is a two-step process for disclosing the identity of a confidential informant: first, the defendant must make an initial showing that the informant "'may be able to give testimony necessary to a fair determination of the issue of guilt or innocence[.]'" *See id.*, ¶16 (citing WIS. STAT. § 905.10(3)(b)). If the defendant satisfies that burden and the State continues to invoke the non-disclosure privilege, then the circuit court must conduct an *in camera* review to determine if the informant can in fact provide such testimony. *See Nellessen*, 360 Wis. 2d 493, ¶16. To meet the initial burden, a defendant "need only show that there is a reasonable possibility that a confidential informer may have information necessary to his or her theory of defense." *See id.*, ¶25.

¶11 Only the first step of this analysis is relevant here because the circuit court did not conduct an *in camera* review. Under the first step, the defendant's motion "must contain more than mere speculation that the informer has information necessary to the defendant's theory of defense." *Id.*, ¶23. Instead, the motion must "show that there is a reasonable possibility that a confidential informer may have information necessary to his or her theory of defense." *Id.*, ¶25. "[A] circuit court should consider *all* of the evidence to determine whether to grant an *in camera* review, not just the contents of the defendant's motion." *Id.*, ¶32 (emphasis added).

¶12 Agnew's theory of defense was, essentially, that he was not the individual possessing or selling the drugs found in the residence. Contrary to

5

Agnew's argument, nothing in the affidavit suggests that the informants had information necessary to Agnew's defense because the informants' statements were unrelated to the charges. *See State v. Vanmanivong*, 2003 WI 41, ¶23, 261 Wis. 2d 202, 661 N.W.2d 76 (a defendant must show that an informer's testimony is necessary to the defense before a court may require disclosure). "'Necessary' in this context means that the evidence must support an asserted defense to the degree that the evidence could create reasonable doubt." *Id.*, ¶24. Here, one of the informants conducted a controlled buy of cocaine at Agnew's house three days before police searched Agnew's house. The other informant stated that he knew Agnew as the main drug supplier for that location and that Agnew had a firearm. Neither the controlled buy nor Agnew's alleged status as a drug supplier were the basis for the charge for which Agnew was convicted. Nor was Agnew charged for allegedly possessing a firearm. Agnew was only charged with possessing the cocaine found in the northwest bedroom. There is no indication that the informants had any information relevant "to a fair determination of the issue of guilt or innocence" in this case. *See Nellessen*, 360 Wis. 2d 493, ¶16.

¶13    Moreover, there was evidence of Agnew's guilt. Agnew's DNA was identified on the bag of cocaine found in the northwest bedroom. Police also found several documents belonging to Agnew in that room. Given this strong evidence, the informants' statements about prior incidents would not have created a reasonable doubt of Agnew's guilt. Indeed, had the informants testified, it is likely that their testimony would have hurt Agnew's defense.

¶14    Because nothing in this record indicates that Agnew could have satisfied the first step for seeking the informants' identities, we cannot conclude that Agnew's trial attorneys were ineffective. *See State v. Cummings*, 199 Wis. 2d 721, 747 n.10, 546 N.W.2d 406 (1996) ("It is well-established that an

6

attorney's failure to pursue a meritless motion does not constitute deficient performance.").

¶15 For the foregoing reasons, we affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.