COURT OF APPEALS
DECISION
DATED AND FILED

October 31, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1991**

STATE OF WISCONSIN

Cir. Ct. No. 2009CF528

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CHRISTIAN R. AGUIRRE-HODGE,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Brown County: TAMMY JO HOCK, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Christian Aguirre-Hodge, pro se, appeals from an order denying his postconviction motion without a hearing. Aguirre-Hodge

contends that he should be allowed to withdraw his plea to a sexual assault charge based upon a defective plea colloquy and newly discovered evidence. We conclude that his claim regarding the plea colloquy is procedurally barred and that the allegations in the postconviction motion were insufficient to establish a claim of newly discovered evidence. We therefore affirm.

## BACKGROUND

¶2    Aguirre-Hodge entered a no-contest plea to the charge of second-degree sexual assault of a child in 2010. On a no-merit appeal, this court identified a potential basis for plea withdrawal—noting that the circuit court had failed to advise Aguirre-Hodge of the elements of the offense and the constitutional rights Aguirre-Hodge was waiving by entering a plea. In response, counsel filed a supplemental no-merit report with an attached affidavit in which Aguirre-Hodge averred that, notwithstanding the defective colloquy, he understood the elements of the offense and his constitutional rights. Based upon that concession, we affirmed the judgment of conviction.

¶3    In 2021, Aguirre-Hodge filed a motion for a "new trial," which the circuit court construed as a motion for plea withdrawal. As grounds, Aguirre-Hodge claimed: (1) a defective plea colloquy; (2) the recantation of a witness's statement; and (3) the lack of DNA evidence. Aguirre-Hodge did not expand upon a bald assertion in the motion that the plea colloquy was defective. Regarding the recantation, Aguirre-Hodge alleged that, in 2019, the victim's brother told several people, "My mother made us lie and I know my father is innocent." As to the DNA evidence, Aguirre-Hodge pointed to a statement made by his trial counsel at his sentencing hearing that no male DNA was found on a

2

pair of the victim's panties. Aguirre-Hodge further argued that the recantation and the lack of DNA evidence constituted newly discovered evidence.

¶4    The circuit court denied the motion without a hearing. The court first noted that Aguirre-Hodge had failed to identify what statement the victim's brother had recanted, or to provide any feasible motive for the victim's brother to have made an initially false statement. The court next found that Aguirre-Hodge was aware of the results of the DNA testing before he entered his plea. The court then determined that any recantation or lack of DNA on the victim's panties did not create a reasonable probability of an acquittal at trial given that the victim herself had not recanted.

¶5    Aguirre-Hodge now appeals the order denying his postconviction motion. He raises the defects in his plea colloquy that this court identified during his prior no-merit appeal, as well as the arguments he made in his postconviction motion that the recantation and lack of DNA evidence constituted newly discovered evidence warranting plea withdrawal.[1]

**DISCUSSION**

¶6    In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. *State v. Allen*, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. No hearing is required, though, when the defendant presents only conclusory allegations or when the

---

[1] In his reply brief, Aguirre-Hodge also argues that the circuit court relied upon inaccurate sentencing information regarding his physical abuse of family members. Aside from the fact that this issue was not preserved in the postconviction motion that is the subject of this appeal, this court will not address arguments made for the first time in a reply brief. *See Bilda v. County of Milwaukee*, 2006 WI App 57, ¶20 n. 7, 292 Wis. 2d 212, 713 N.W.2d 661.

record conclusively demonstrates that he or she is not entitled to relief. *Nelson v. State*, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972). A circuit court may also properly deny a postconviction motion without a hearing if the defendant's claim is procedurally barred. *See State v. Romero-Georgana*, 2014 WI 83, ¶71, 360 Wis. 2d 522, 849 N.W.2d 668.

¶7 We review a circuit court's decision to deny a postconviction motion without an evidentiary hearing de novo, independently determining whether the facts alleged in the motion would entitle the defendant to relief. *See State v. Bentley*, 201 Wis. 2d 303, 308, 548 N.W.2d 50 (1996). Here, we conclude that Aguirre-Hodge was not entitled to a hearing on his postconviction motion because his defective plea colloquy claim was procedurally barred and his allegations regarding the recantation and DNA evidence did not satisfy the criteria for newly discovered evidence.

¶8 First, a matter already litigated cannot be relitigated in subsequent postconviction proceedings. *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). The validity of Aguirre-Hodge's plea was already litigated on his no-merit appeal. The claim is therefore procedurally barred.

¶9 Furthermore, Aguirre-Hodge's concession that he in fact understood the information that the circuit court neglected to provide in its colloquy would be fatal to any plea withdrawal claim based upon the defective colloquy. *See State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986) (a defendant must demonstrate *both* that the plea colloquy was defective *and* that the defendant did not understand information that should have been provided). Because the record demonstrates that Aguirre-Hodge would not be entitled to relief, the court had dual grounds to deny Aguirre-Hodge's defective colloquy claim without a hearing.

¶10    Next, for newly discovered evidence to establish a manifest injustice warranting plea withdrawal after sentencing, a defendant must prove by clear and convincing evidence that: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." *State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707 (1997).  If the defendant proves all four of these requirements by clear and convincing evidence, the court "must determine whether a reasonable probability exists that a different result would be reached in a trial." *Id.*

¶11    In addition, when the newly discovered evidence is a witness's recantation, the recantation "also requires corroboration of the recantation with additional newly discovered evidence." *State v. McAlister*, 2018 WI 34, ¶33, 380 Wis. 2d 684, 911 N.W.2d 77 (citation omitted).  The corroboration requirement for a witness recantation is met when: "(1) there is a feasible motive for the initial false statement; and, (2) there are circumstantial guarantees of the trustworthiness of the recantation." *Id*.

¶12    Here, there can be no showing that the recantation by the victim's brother is material to an issue in the case without identifying what statement was being recanted.  In particular, we note that the probable cause portion of the complaint did not assert that the victim's brother had personally witnessed the charged sexual assault and did not rely upon any statements made by the victim's brother.  The recantation therefore fails to satisfy the third element of the *McCallum* test.

¶13    We further note that the trustworthiness of the recantation is highly questionable, given that Aguirre-Hodge personally admitted at the plea hearing

5

that the allegations in the complaint were true; he described to the agent who authored the presentence investigation report several incidents in which he had sex with the victim; and at the sentencing hearing he took full responsibility for the sexual assault. Moreover, as the circuit court noted, the victim herself did not recant her allegations, which leaves a low probability of a different result if the matter were to go to trial.

¶14 Finally, Aguirre-Hodge's trial counsel told the circuit court at sentencing that he had discussed the lack of DNA evidence with Aguirre-Hodge prior to the entry of his plea. The DNA results therefore fail to satisfy the first element of the *McCallum* test and do not constitute newly discovered evidence, either in their own right or as corroboration for the recantation. We conclude that the court also properly denied Aguirre-Hodge's newly discovered evidence claims without a hearing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.